ADOLPH PAPIN *et al.*, Plaintiffs in Error, v. RYAN AND WALKER, Defendants in Error.

*Evidence.*—The acts of Congress confirming claims to land in Missouri are public not private acts, and will be judicially noticed without being read in evidence.

*Schools.*—A confirmation under the act of Congress of July 4, 1836, to land within the out-boundary survey of the town of St. Louis, is a title, notwithstanding the reservation to the use of schools under the acts of June 13, 1812, and January 27, 1831, and a mere trespasser cannot defend against it.

*Survey.*—Until the lands reserved for schools by the act of 1812, and granted by the act of 1831, are designated and set apart by the surveyor general, the grant made by those acts does not attach to any particular land.

### Appeal from St. Louis Land Court.

This was an action to recover the possession of a tract of land in the city of St. Louis, and within the out-boundary of the town, as surveyed under the act of June 13, 1812.

The plaintiffs claimed title under a confirmation by the act of Congress of July 4, 1836, to Joseph Brazeau, or his legal representatives, and also by virtue of inhabitation, cultivation and possession prior to Dec. 20, 1803, and the confirming act of June 13, 1812.

The plaintiffs offered in evidence the reports of the board of commissioners under the acts of 1832 and 1833, together with the grants to Brazeau by Cruzat and Delassus, and a survey by Antoine Soulard, dated August 21, 1803; and then offered evidence tending to prove cultivation and possession prior to Dec. 20, 1803.

At the close of the testimony for plaintiffs, the defendants, without offering any evidence, requested the court to instruct the jury, " That under the evidence the jury should find for the defendants "; which was done, and verdict entered for the defendants.

*A. Buckner*, for plaintiffs in error.

I. The confirmation by virtue of section 1, of the act of June 13, 1812, is a complete grant, (Guitard v. Stoddard, 16 How. 494,) and no subsequent legislation could affect it. (Soulard v. Clark, 19 Mo. 382; Carondelet v. McPherson, 20 Mo. 193; St. Louis v. Tony, 21 Mo. 243.) A party may put as may strings to his bow as he likes, and play on any one of them that pleases him best.

II. There was evidence tending to prove possession of the premises sued for prior to the 20th December, 1803, and if there was any testimony to that effect the court erred in taking the case from the jury by its instruction. (Rippey v. Friede, 26 Mo. 523; 18 Mo. 170; 12 Mo. 387.)

III. The plaintiffs proved title under the act of Congress of July 4, 1836, and the defendants having offered no evidence whatever, the judgment must be reversed for that cause.

*Glover* and *Shepley*, for defendants in error.

I. The acts which give title under the act of June 13, 1812, must operate as a substantial, visible and continuous claim of ownership of the land, such as could be seen and known by all persons. (Papin v. Hines, 23 Mo. 276; Sarpy v. Papin, 7 Mo. 507; Soulard v. Clark, 19 Mo. 570.)

II. There was no evidence of any possession of the land claimed within the meaning of the act.

III. The plaintiff did not give in evidence the act of July 4, 1836. There was nothing but a report of the board of commissioners before the court and jury, and no evidence of any confirmation. The act is a private act, and should have been given in evidence. (1 Kent, C. 459; Dwar. Stat. 464.)

IV. As the land claimed was within the out-boundary of St. Louis, there could be no confirmation by act of July 4, 1836, within that out-boundary. (Cabanné v. Walker, 21 Mo. 274.)

BATES, Judge, delivered the opinion of the court.

This is an action of ejectment for possession of a piece of land in the city of St. Louis.

The same claim was before this court in the case of Papin v. Hines, 23 Mo. 275. That case was taken by writ of error to the Supreme Court of the United States, but was dismissed there for want of jurisdiction, there having been no final judgment in the case.

In that case the defendant showed title in himself by an entry, and a patent from the United States in 1826. In the present case the defendants showed no title. After the plaintiff had given evidence of his title, the court instructed the jury that " under the evidence in this case the jury should find for the defendants." Under that instruction a verdict was given for the defendants and judgment rendered in accordance with it, from which the plaintiffs appealed to this court. The plaintiffs claim to be the representatives of Joseph Brazeau. At the trial of this case evidence was given of a confirmation by the act of July 4, 1836. The evidence given was of the proceedings of the board of commissioners under the act of 1833, whose report was confirmed by the act of 1836.

The defendants contend that the proof of confirmation was not complete because the act itself was not given in evidence.

We do not consider the act of 1836 a mere private act. It concerned the public lands as well as the mere private claims confirmed by it. The courts will take judicial notice of it. The defendants also contended that as the land in dispute was within the out-boundary of the town of St. Louis, surveyed under the act of 13th June, 1812, that the plaintiffs could have no title under a confirmation by the act of 1836, because all the vacant lands within that out-boundary were by the act of 1812 reserved, and by the act of 1831 granted for the use of schools. The defendants, who stand as mere trespassers, cannot make this objection, which, if made by the schools themselves, could not be maintained.

There was no evidence that this land was ever designated and set apart for the use of schools. The act of 1812 is a reservation only, and the act of 1831 is a grant; but the act of 26th of May, 1824, supplementary to the act of 1812, required the surveyor general to survey, designate, and set apart the school lands, and until such designation is made, the grant by the act of 1831 is only general, and does not attach to any particular land.

In the case of Kissell v. St. Louis Public Schools, (16 Mo. 553,) this question is fully considered and decided. The objections to the confirmation by the act of 1836 cannot be sustained, and as by means of that confirmation the plaintiffs did make a *prima facie* case, the instruction given was erroneous, and the judgment must be reversed.

The plaintiffs also gave evidence which they claim showed a confirmation by the act of 1812. It is not perceived that any opinion given on the case as made will be of any assistance in the final determination of the cause, as upon a new trial the evidence may vary so greatly from that now given. As to any confirmation by the act of 1814, the case of Papin v. Hines, 23 Mo. 275, fully disposes of that subject.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.