——————o——————

A. C. BRIANT, Plaintiff in Error, *vs.* JACOB FUDGE, *et al.*, Defendants in Error.

63   489
99   597
63   489
72a 258
63      489
172    584
d172  585

1. *Limitations, statute of—Suit brought after ten years and before determination of former suit for same cause of action.*—Where suit is originally instituted on a note within ten years after the cause of action has accrued, and judgment obtained, which is afterwards set aside on motion of defendant, on account of defective service, and after the filing of the motion and prior to the decree, but more than ten years after the accrual of the cause of action, a new suit is commenced on the notes, under the statute (Wagn. Stat. 919, § 19), the second action is not barred by limitation. It is immaterial that the last suit is brought before, instead of after, the first is set aside. Plaintiff may be considered, in such case, as having admitted that the motion is well founded, and abandoning all rights that might accrue to him under the judgment. The fact that such abandonment was voluntary on his part, will not preclude him from commencing a new action under the statute.

*Error to Cass County Court.*

· *Boggess & Cravens*, for Plaintiff in Error, cited : Calloway vs. Nofing, 1 Mo. 223 ; *Ex parte* Toney, 11 Mo. 661 ; Powell vs. Gott, 13 Mo. 458 ; Wagn. Stat. 919, § 19.)

*Hall & Given*, for Defendants in Error.

NORTON, Judge, delivered the opinion of the court.

This suit was brought in the circuit court of Cass county, in March, 1872, to enforce the collection of two promissory notes executed by defendant to one Hays, as sheriff of Cass county. They were given in consideration of land sold by said sheriff, by virtue of a judgment of partition and order of sale. The notes were dated April, 1860, one of them payable in nine months, the other in twenty-one months from date, and each of them for the sum of $1,049.49.

It is alleged that Hays remained sheriff till some time in 1862 ; that in April, 1871, the undisposed of and unfinished business of the partition proceedings, out of which the notes in suit originated, was, by an order of the circuit court of Cass county, transferred to plaintiff, sheriff of said county, for completion.

The answer of defendant denied execution of the notes, alleged payment, and pleaded the statute of limitations in bar of the action.

The replication, in avoidance of the plea of the statute of limitations, alleged, that within ten years after the cause of action had accrued, suit had been brought on said notes in the circuit court of Cass county, and prosecuted to judgment, which, by an order of said court, was subsequently set aside and held for naught, because of improper service of the petition and writ on defendant Fudge, and that the present suit was instituted within one year after the avoidance of said judgment.

The facts disclosed in the record and bill of exceptions show that one of the notes sued on matured January 5th, 1861, and the other January 5th, 1862 ; that Hays, the sheriff who made the sale, ceased to be sheriff in 1862, and that in 1869 the unfinished business of the partition proceedings was ordered into the hands of Dale, who was sheriff at that time, and who instituted suit on said notes against the heirs of Bills, who was the purchaser of the land, and defendant Fudge, who was his security ; that he obtained judgment against the defendants October 13, 1870, which, on the motion of Fudge, filed on the 9th of

October, 1871, was, by the court below, on the 16th of July, 1872, set aside and held for naught, because there was no sufficient service of the writ on Fudge. It further appears, that in April, 1871, Dale having ceased to be sheriff, the matters uncompleted and relating to the partition proceedings were ordered into the hands of his successor, the plaintiff in this suit, and that the present action was instituted by him March 11th, 1872.

From this state of facts the question arises, whether, notwithstanding the lapse of ten years from the time the cause of action accrued and the institution of this suit, the action can be maintained under § 19, p. 919, Wagn. Stat. This is the only point presented for our consideration. The statute provides as follows :

"If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a non-suit, or after a verdict for him the judgment be arrested, or after a judgment for him the same be reversed, on appeal or writ of error, such plaintiff may commence a new action from time to time, within one year after such non-suit suffered or judgment arrested or reversed."

It would seem to follow from the above that, on the arrest or reversal of the judgment rendered in the suit of Dale against the defendant, another suit might have been brought on the same cause of action, within one year after the arrest or reversal, even although ten years had elapsed.

The intention of the legislature, doubtless, was to give a party who should commence his action within the time prescribed as a bar to his recovery, and had, from any of the causes mentioned in the section, failed to succeed in his suit or obtain the benefit of a judgment, the right to renew or maintain a new action within the time specified. It is, however, said, in the case under consideration, that the suit was brought before, and not after, the former judgment had been arrested. This, in point of fact, is true, and it is also true that the motion to avoid it was filed in October, 1871, and sought to avoid it because of an insufficient service of the writ. This motion was filed five months before, and was sustained by the trial court four months after, the present suit was commenced. The plaintiff, before the bringing of

the present action, was thus explicitly notified by this motion, of such an irregularity in the former judgment as made it necessarily voidable, and in anticipating the action which was finally taken by the court in sustaining it, and vacating the judgment and bringing another suit before the determination of the motion, may be considered as having admitted that the motion was well founded, and as having abandoned all rights that might accrue to him under the judgment.

The defendants in this suit might, if they had chosen to do so, have waived their motion in the former suit, and pleaded the judgment therein by way of defense in this. This was not done, but defendants pushed the motion to a favorable conclusion, and now reply to plaintiff: "You cannot recover in this suit, because it was brought in advance of the determination of such motion, notwithstanding you have been thus deprived of the fruits of a judgment obtained in an action commenced in proper time, and notwithstanding it was the intention of the legislature to give you a right to sue again within one year after such deprivation." In other words, the defense here set up is, that the institution of the present suit was delayed too long, and the defense is attempted to be sustained by showing in reality that it was brought too soon, and that if it had been delayed four months longer, till after the determination of the motion, and then brought, that it would have been commenced soon enough. Such a construction of the section in question we are not disposed to adopt, especially in view of the fact that this section of the statute, so far as it has been construed by this court, has been liberally construed.

In the case of Shaw vs. Pershing (57 Mo. 414) the point was made, that a non-suit, within the meaning of the statute, is such as is brought about by some adverse ruling of the court. And Judge Adams, speaking for the court, remarks that, "the language of the statute is plain and positive and covers non-suits, no matter what may be the reason that induced them. The language is such as hardly to admit of any other construction."

It is said that the judgment rendered in the suit brought by Dale is not such an one as is referred to in the statute. The words of the act are broad enough to include it, and we perceive

no reason why they should be restricted in their meaning. There is certainly no more reason for restricting them in the case at bar than in the case of a party who institutes his action before the bar of the statute arises, and after keeping his case in court an indefinite time, without obtaining either verdict or judgment, takes a voluntary non-suit, and then renews his action.

The plaintiff, in the first instruction offered, asked the court to declare, in substance, that if Dale instituted suit on the notes in question within ten years after the cause of action accrued, and obtained judgment which was afterwards set aside and avoided, and that plaintiff instituted the present suit within one year after the proceedings were commenced which resulted in the avoidance of the judgment, the bar of the statute of limitations did not apply. This instruction was refused. We think it should have been given, and under the view we take of the law applicable to the case, the instruction given for the defendant and the one given by the court of its own motion, ought not to have been given, because they contained declarations of law opposed to the principles above expressed.

The judgment is reversed, and the cause remanded. The other judges concur, except Judge Wagner, absent.