Wood v. Nortman.

## WOOD v. NORTMAN, *Plaintiff in Error.*

1. **Practice in Supreme Court.** Objections to evidence will not be reviewed in the Supreme Court, unless the evidence itself is preserved in the bill of exceptions.

2. **Evidence : PUBLIC ACTS.** Acts of congress confirming land titles in Missouri are public acts, and will, therefore, be judicially noticed by the courts.

3. ————. Under Revised Statutes, section 2280, certified copies of the surveys of lands from the files of the office of the register of lands of this state, are admissible in evidence.

4. **Non-Suit.** A non-suit, under Revised Statutes, section 3256, may be taken at any time before the jury retires, or before final submission to the court, and after the law is declared.

5. ————: NEW ACTION. A new action held to have been commenced within one year after a non-suit suffered.

*Error to Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

*T. C. Fletcher* and *D. T. Jewett* for plaintiff in error.

(1) The evidence offered by plaintiff was insufficient to make out a confirmation under the act of congress of July 4, 1836, because the act itself was not put in evidence, and the act is the confirmation, and is the only evidence of title from the United States. (2) Even if the act had been offered in evidence, there was not made a case such as would give it operation to confirm the land in controversy. *Ashley v. Cramer*, 7 Mo. 98; *Landis v. Perkins*, 12 Mo. 255. (3) It was error to admit in evidence the proceedings in the partition suit among the Douchouquette heirs. There was no final judgment of partition, or approval, of the sale by the sheriff of tracts numbers 103 and 104. No authority was shown to make a deed. *Maeklat v. Debruil*, 9 Mo. 491. (4) The evidence showing, as set up in the answer, that the land in controversy was in possession of Augustine adverse to Wood, since 1864, or 1865, and of the defendant's tenant, one Newman, and that the defendant had never been in actual possession, and Newman, not being a party to the suit, it was error to give judgment against defendant for possession. (5) It was error to admit the transcript of the record of the case tried in St. Louis on October 1, 1877, because it was not a suit between the same parties as in this cause, nor for the same cause of action. The suit tried in St. Louis was for the possession of eighty-seven acres, being the whole of lots or tracts numbers 103 and 104, and the petition in the suit at bar describes the whole of both of said tracts without alleging any number of acres, but a judgment is given for only thirty-seven and a half acres. A non-suit could not be taken after the cause was submitted to the court sitting as a jury. *Benoist v. Murrin*, 48 Mo. 48; 1 R. S. Mo., sec. 3556; certainly not after judgment; *Templeton v. Wolf*, 19 Mo. 101; *Hess v. State Mut.*

*Ins. Co.*, 21 Mo. 98. (6) The defence of the statute of limitations was well taken. Angell on Limitations (6 Ed.) sec. 328; *Harris v. Dennis*, 1 S. & R. 236.

*Crews & Booth* for defendant in error.

(1) The evidence of the confirmation was complete. The act of congress of July 4, 1836, was a public act. *Bryan v. Ware*, 4 Mo. 106; *Ott v. Sanders*, 9 Mo. 581; *Biehler v. Coonce*, 9 Mo. 347; *Boyce v. Papin*, 11 Mo. 16; *Page v. Scherbel*, 11 Mo. 167; *McGill v. Somers*, 15 Mo. 80; *Gamache v. Pignignot*, 17 Mo. 310; *Papin v. Ryan*, 32 Mo. 21. Our courts take judicial notice of acts of congress. *State v. Moseley*, 38 Mo. 380; *Wilhelmi v. Wade*, 65 Mo. 39. (2) The certified copy of survey number 3030, from the office of the register of lands of Missouri, was competent evidence. R. S., sec. 2280. (3) The objection that the defendant was not in possession of the premises sued for, is not well taken. (4) The bringing of the original action, the taking of the non-suit therein, and the commencement and prosecution of this suit, under the statute of Missouri, made the present suit in effect a continuation of the first, and prevents the running of the statute of limitations. *Lottman v. Barnett*, 62 Mo. 159.

NORTON, J.—This suit by ejectment was instituted in the circuit court of Jefferson county to recover possession of part of lots 103 and 104, particularly described in the petition. The answer, besides being a general as well as a specific denial of the averments of the petition, also set up the statute of limitations as a bar to plaintiff's right of action. Plaintiff recovered judgment, and defendant brings the same before us on writ of error.

Plaintiff, on the trial, undertook to derive title through one Baptiste Douchouquette, to whom Charles Dehoult Delassus, lieutenant-governor of the Spanish province of Upper Louisiana, had, on the thirtieth day

of December, 1800, granted lands, including that in controversy, which grant it was claimed had been transferred to said Douchouquette and his heirs by act of congress approved July 4, 1836, entitled "An act confirming claims to land in the state of Missouri, and for other purposes." The bill of exception states that plaintiff, to sustain the issues on his part, offered to read from volume seven, American State Papers, on pages 906 and 907, to the claim of Douchouquette as follows, and it is there stated that this volume was borrowed and carried back by plaintiff. The evidence was objected to on the ground that it was incompetent to show a grant or confirmation, or for any purpose of the suit; the objection was overruled, and this action of the court is assigned for error. The evidence is not preserved in the bill of exceptions, and in the absence of it we must indulge the presumption that the ruling of the trial court was correct. The object of introducing this evidence was to show that it embraced the report of the board of commissioners authorized by the act of congress of July 9, 1832, and March 2, 1833, recommending the confirmation of the grant or concession to Douchouquette, or his legal representatives, and that when this was shown, the title of the United States, by virtue of the act of congress of July 4, 1836, passed to Douchouquette, or his legal representatives.

The contention made, that it was necessary to put in evidence the said act of 1836, is answered by the case of *Papin v. Ryan* and *Walker*, 32 Mo. 21, where it was held that said act was a public act, and that the courts would take judicial notice of it as such.

The plaintiff next put in evidence a copy of survey 3030, certified to by J. E. McHenry, register of lands for this state, as being on file in his office. This was objected to on the ground that it was inadmissible until the confirmation was shown. The objection was overruled, and we think properly, as by section 2280, Revised Statutes, it is provided that such copies shall be receiv-

able in evidence, and because, as before stated, we have a right to presume that the court admitted the evidence read from the seventh volume, American State Papers (which is not preserved in the bill of exceptions), because it showed that the board of commissioners had recommended to congress the confirmation of the grant on concession to Douchouquette, and his legal representatives. What is here said applies to other objections made to other certified copies of letters on file in the register's office, also offered in evidence, and we deem it unnecessary to notice them more specifically.

Plaintiff then offered the proceedings in a partition suit instituted by the heirs and representatives of Douchouquette for the partition of a large quantity of land, showing the judgment of partition, the appointment of commissioners to make it, their report, in which they make partition in kind of a large portion of it, and report certain other portions not being susceptible of division, the tract in question being included, which report was received and approved, and an order made directing the sale of that portion not susceptible of division for partition, and an order showing approval of sales made. Objection was made to this evidence on the ground that the record did not show that the report of the commissioners was confirmed, nor did it show a report of sales made by the sheriff. The record shows that the report of the commissioners was approved and confirmed, and also an order of sale. While no report of sale was offered in evidence, the record shows that the sheriff was ordered to sell at the April term, 1857. And it further shows that at the term, on the twentieth day of April, 1857, an order was made to the effect that the court approved the sales made by the sheriff of Franklin county, for partition upon the petition of partition filed by Honore Picotte and wife *et al.*, filed April 20, 1857, numbered one, two, three, four, five and six. This, we think, was sufficient to justify the

court in overruling the objections and receiving the evidence. See *Jones v. Manly*, 58 Mo. 559.

The plaintiff next put in evidence a deed of the sheriff, reciting partition proceeding, order of sale, and all other recitals necessary to its validity, conveying the land in controversy to one Hammack, and also a deed of trust from Hammack conveying the land to secure the payment of certain debts, also a deed showing its sale under said deed of trust, conveying it to plaintiff. We are of the opinion that plaintiff was entitled to recover on the paper title put in evidence, unless his right was cut off by the statute of limitations. It appears from the record before us that plaintiff brought an action of ejectment against defendant, and two other parties for the lot of land sued for in this case; that the suit was transferred to the St. Louis circuit, where it was tried, and judgment rendered on the first day of October, 1877, against the plaintiff; that plaintiff, on the eighth day of October, 1877, filed in said court a motion to set aside said judgment, and allow him to take a non-suit, stating as the ground of the motion that the case was not submitted on the merits, but upon the question whether or not the plaintiff should be permitted to introduce further evidence in support of his case, and because it was understood by the court and the parties, before judgment was rendered, that the plaintiff might have the right of entering a non-suit. This motion was sustained by the court on the twenty-second of October, 1877, the judgment set aside and plaintiff allowed to take a voluntary non-suit. On the thirteenth day of October, 1877, the present suit was brought against this defendant, who was one of the defendants in the original suit in which the non-suit was taken on the twenty-second of October, 1877, for part of the land sued for in the first suit.

Section 3239 provides that if any action shall have been commenced within the times respectively prescribed in this chapter, and plaintiff therein suffered a non-suit, the plaintiff may commence a new action, from time to

time, within one year after such non-suit suffered. It is insisted by counsel that plaintiff cannot claim the protection of the above section; first, because at the time the suit was brought, the first suit was not only pending, but had ripened into a judgment in favor of the defendants, and that, under section 3556, Revised Statutes, which provides that a "plaintiff shall be allowed to dismiss his suit, or take a non-suit, at any time before the same is finally submitted to the jury, or the court sitting as a jury, or to the court, and not afterwards," the non-suit taken was improperly allowed. It has been held that, under the above section a non-suit may be taken at any time before the jury retires, or before a final submission to the court, and after the law is declared. *Templeton et al. v. Wolf*, 19 Mo. 101; *Lawrence v. Shreve*, 26 Mo. 492. We think it apparent, from the ground relied on, and the reason given in the motion to set aside the judgment, as hereinbefore stated, that the judgment of the court, rendered on the first day of October, 1877, was prematurely rendered, and before the cause, according to the understanding of the parties, was finally submitted to the court, and the court must necessarily have so found when it sustained the motion, set aside the judgment and permitted plaintiff to take a non-suit. Under the circumstances of this case, as we have referred to them, the non-suit was properly allowed. The court not only had the right, but it was its duty, if the facts were as stated in the motion, to set the judgment aside, and, when set aside, the case stood before the court as if no judgment had been rendered in the case or trial had, and without any impairment of plaintiff's right to take a non-suit.

It is also insisted that the present suit being brought to recover only a part of the real estate sued for originally, and only against one of the same defendants, when there were three, that it is not a continuation of the former suit. It is certainly a continuation of it, to the extent of the land sued for, and to the extent of defendant's

claim to it, and we cannot see how defendant can be prejudiced by the fact that the present suit does not embrace all the land originally sued for. The non-suit may have been taken, as plaintiffs contend it was, because the defendants were sued as having a joint interest in the land, where it appeared on the trial that their interests were several. See *Lottman v. Barnett*, 62 Mo. 159.

It is also insisted that the present suit was brought before, and not after, the non-suit was taken, and for that reason plaintiff cannot claim the protection of said section 3239. This suit was brought five days after the motion to set aside the judgment, in order that plaintiff might take a non-suit, and nine days before the motion was sustained and the non-suit allowed. The suit was evidently brought, as was the suit in the case of *Briant v. Fudge*, in anticipation of the action of the court on the motion, and the fact was stated in the petition filed in this case, which was served on defendant the same day the motion was passed upon and the non-suit allowed, that a non-suit had been taken. This fact, in connection with the facts stated in the motion, was equivalent to a withdrawal of the prosecution of the first suit, and as to the commencement of this suit, and the non-suit, brings the case under the operation of the principles laid down in the case of *Briant v. Fudge*, 63 Mo. 489.

It is also claimed that the judgment is erroneous, because there was no evidence that defendant was in possession of the land sued for at the time suit was brought. While the evidence in reference to defendant being in the actual possession of the land in controversy, is meager, we are not prepared to say that there is no evidence of the fact. Mr. Springate, a witness on behalf of the plaintiff, testified that he had known the land in dispute for nine or ten years. "Julius Nortman has been in possession of these lands eight years or more. The whole tract is in cultivation, say thirty-five acres, or

more.   The whole tract is enclosed by paling and rail fences. The paling fence is getting old." On his cross-examination he stated: "Mr. Nortman never lived on this land, nor is he living there now.  It requires constant expense to keep up the farm and fencing.  Mr. Newman lives on the farm now, and has lived there probably three or four years; think Augustine lived there before Mr. Newman lived there."   Mr. Nortman, in his evidence, stated that most of the land was cleared in 1875 or 1876; that he had cleared up the balance that would do to cultivate since; the fence is paling and rails; it was a good fence when he put it there.   "I do not think it the best of fences now; I have repaired, or have had the fences repaired."

While the evidence is clear that Nortman never lived on this land, the fact testified to by him, that he put the fence around it of paling and rails; that it was a good fence, in connection with the fact testified to by Mr. Springate, that the paling was old, and that it required constant expense to keep up the fence; that Nortman had been in possession for eight or nine years, and that Newman was then living on the place, and had been living there for only three or four years, afforded some evidence of Nortman's actual possession previous to that of his tenant, Newman.

For the reason that this action was brought, according to the view we have taken of it, in one year after the non-suit was taken in the former action, the statute of limitations, under the evidence in the case, did not bar plaintiff's right to recover.  Judgment affirmed, in which all concur.