Chouteau v. Rowse.

CHOUTEAU *et al.* v. ROWSE, *Appellant.*

1.  **Practice** : VOLUNTARY NON-SUIT : APPEAL : LIMITATIONS. When a
    voluntary non-suit is taken the plaintiff abandons his suit and it is
    ended, and from the judgment entered upon it no appeal will lie.;
    and in such case the judgment is operative and enforceable, and
    the party thus suffering the non-suit, to be protected by the statute,
    (R. S., sec. 3239), must bring a new action within one year after
    the judgment is rendered.

2.  ———— : INVOLUNTARY NON-SUIT : APPEAL. When a plaintiff is com-
    pelled, by some adverse ruling of the court, to take an involuntary
    non-suit, with leave to move to set the same aside, with a view not
    to abandon the prosecution of the suit, but to test the correctness
    of the ruling by appeal, the appeal, when taken, removes the cause
    from the circuit to the appellate court, and when bond is given
    the judgment of non-suit is superseded and can only become opera-
    tive and enforceable in the event of its being affirmed by the appel-
    late court, and it is only when so affirmed that a plaintiff, in con-
    templation of the statute (R. S., sec. 3239), can be said to suffer a
    non-suit.

*Appeal from the St. Louis Court of Appeals.*

AFFIRMED.

*Arba N. Crane* and *H. A. Clover* for appellant.

The non-suit was suffered on the twenty-seventh day
of May, 1872, the day of its actual rendition in the circuit
court, and more than one year before the present action
was brought, and not on the twentieth of April, 1874, when
the judgment of the Supreme Court was rendered affirm-
ing the judgment of the circuit court. The present action
was instituted on the twenty-second day of June, 1874,
on a cause of action which arose, and is stated in the
petition to have arisen, on the thirtieth day of Novem-
ber, 1867, or six years and about seven months after the
accruing of the cause of action. The defendant pleaded

general denial and the further plea of the statute of limitations, "that the said cause of action in the petition contained did not nor did any part thereof accrue to the said plaintiffs at any time within five years next before the commencement of this suit." This plea is doubtless a good plea and sufficient bar. To it, however, the plaintiffs reply as follows: "Admit that this cause of action has not accrued within five years next preceding the commencement of this suit. Aver that heretofore, and for the same cause of action they instituted suit against the defendant, and which former suit was begun within the five years next succeeding their said cause of action, and that obliged therein to take a non-suit, they, plaintiffs, instituted this suit within one year next succeeding the termination of said former suit." This reply to defendant's plea is insufficient. R. S., sec. 3239; *Shaw v. Pershing*, 57 Mo. 422; *Boone v. Shackleford*, 66 Mo. 497; *Chambers v. Smith's Adm'r*, 30 Mo. 156. Statutes of limitations are founded on sound policy, are statutes of repose and not to be evaded by the construction, and the sound doctrine is, should be regarded with favor by courts of justice, and should be construed to advance the policy they were designed to promote. *Roberts v. Pillow*, Hempstead, 624; *Phillip v. Pope*, 10 B. Mon. (Ky.) 163; *McCarty v. White*, 21 Cal. 495; *McLean v. Thorp*, 4 Mo. 256; *Spuryer v. Handy*, 4 Mo. App. 573. The court cannot ingraft on a statute of limitations an exception not found therein, however reasonable and just it may be. The legislature having made no exception, the courts of justice can make none, as this would be legislating. *Bank v. Dalton*, 9 How. (U. S.) 528. See cases there cited and *inter alia*, *Troup v. Smith*, 20 Johns. 47; *Ten Eyck v. Wing*, 1 Mich. 40; *Spier v. McQueen*, 1 Mich. 252; *Peak v. Buck*, 59 Tenn. 71; *Robinson v. Robinson*, 5 Harrington, 8; *Hopkins v. Calloway*, 7 Caldwell, 37; *Edwards v. Ross*, 58 Ga. 147;

_Hawthorn v. Harper_, 57 Ind. 286 ; _Highsmith v. Ussery_, 25 Tex. Sup. 96.

_Hermann & Reyburn_ for respondents.

(1) The statute of limitations, in its general provisions, as well as section 3239 (which is an exception to the general operation of said statute), is to be liberally construed in favor of the accomplishment of the purposes for which the statute, and also this proviso, was enacted. _Briant v. Fudge_, 63 Mo. 489 ; _Wood v. Nortman_, 85 Mo. 298; _Shaw v. Pershing_, 57 Mo. 417 ; _Coffin v. Cottle_, 16 Pick. 386 ; _Wood v. Houghton_, 1 Gray, 580 ; _Phelps v. Wood_, 9 Vt. 399 ; _Spear v. Curtis_, 40 Vt. 64 ; _Spear v. Newell_, 13 Vt. 288 ; _Skellington v. Allison_, 2 Hawks. L. and E. R., 347 ; _Freshwater v. Baker_, 7 Jones, N. C. L., 225 ; _Givens v. Robbins_, 11 Ala. 156 ; _Long v. Orrell_, 13 Ired. 123 ; _Hall v. Davis_, 3 Jones Eq. (N. C.) 413 ; _Haymaker v. Haymaker_, 4 Ohio St. [N. S.] 272. (2) A judgment is not final, for the purposes of the statute of limitations, until an appeal from the same has been disposed of in the appellate court. In other words, the saving clause to the operation of the statute begins to operate from the time when the appeal from the judgment is disposed of in the appellate court. _Ensminger v. Powers_, 108 U. S. Reports, 302 ; _Railroad v. Railroad_, 111 U. S. Reports, 520 ; _Copley v. Edwards_, 5 La. Ann. 647 ; _Phelps v. Woods_, 9 Vt. 399 ; _Doe v. Roe_, 32 Ga. 448.

NORTON, J.—On the twenty-ninth of October, 1868, the respondents began suit against the appellant in the circuit court of the county of St. Louis, to recover ten thousand dollars, alleged to have been paid November 30, 1867, to appellant, as tax collector, by respondents, on account of their taxes, but not applied by appellant to such taxes. The latter answered denying the matters

alleged, and the cause being tried in said court, May 27, 1872, resulted in a non-suit of respondents, who, failing to get said non-suit set aside, appealed the cause to this court, when, on the twentieth of April, 1874, the said judgment of non-suit was affirmed.

Afterwards, June 22, 1874, the respondents again sued appellant in the same court, on the same cause of action, and appellant answered, denying the matters alleged, and pleading the bar of the statute of five years limitation thereto. The respondents, to avoid the latter plea, replied that they instituted this present suit within one year after the former suit was terminated. The cause, upon these issues, was heard February 16, 1883, and the said circuit court declared the law upon the foregoing facts to be, that the claim of respondents was barred by the statute of limitations, and thereupon respondents suffered a non-suit with leave, and failing to get the same set aside, appealed the cause to the St. Louis Court of Appeals. where the said judgment of non-suit was reversed, and in due time appellant, Rowse, appealed the cause to this court.

It is conceded that the present suit was not commenced within one year after the judgment of non-suit was rendered by the circuit court, but that it was commenced within one year after the said judgment on plaintiff's appeal to this court was affirmed, on the twentieth of April, 1874, the case being reported in 56 Mo. 67. It is affirmed on the part of defendant that, inasmuch as the present action was not begun within one year after the judgment of non-suit was taken in the circuit court, and inasmuch as more than five years had elapsed from the time plaintiffs' right of action accrued and the institution of the suit, that such right is not saved by section 3239, Revised Statutes, but is forever barred, which section is as follows: "If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a

non-suit, or after a verdict for him the judgment be arrested, or after a judgment for him the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such non-suit suffered, or such judgment arrested or reversed," etc.

This proposition is denied by plaintiffs, and they affirm that the action having been brought within one year after the rendition of the judgment by this court affirming the judgment of the circuit court, is not barred according to the true intent, meaning, and spirit of said section, but is thereby saved. Counsel for defendant, in an argument more ingenious than sound, insists that "*ita lex scripta est,*" and that the statute should be literally and strictly construed, without regard to that other maxim, "*que haeret in litera, haeret in cortice.*" In so far as the act in question has been construed by this court, it has been literally construed with a view to accomplish the purpose of its enactment. *Shaw v. Pershing*, 57 Mo. 417; *Briant v. Fudge*, 63 Mo. 489; *Wood v. Nortman*, 85 Mo. 298.

It will be observed that the statute does not in terms provide that the suit shall be brought within one year after non-suit is *taken* or judgment of non-suit *entered*, but within one year after such non-suit is suffered. When, in contemplation of this statute, may it be said that a party has suffered a non-suit? I think it is when a judgment of non-suit is entered, to the enforcement of which no legal impediment exists. Non-suits are either voluntary or involuntary, and it is held in the case of *Shaw v. Pershing, supra,* that both are included in, and referred to by, the act. When a voluntary non-suit is taken, the plaintiff abandons his suit and it is ended; and we have held that from the judgment entered upon it, no appeal will lie, and in such case the judgment is operative and enforceable, and the party thus suffering the non-suit must, to be protected by the statute, bring

his action within one year after the judgment is rendered.

But not so in the case of an involuntary non-suit, which the plaintiff, by some adverse ruling of the court, is driven or compelled to take, with leave to move to set the same aside with a view *not to abandon* the prosecution of the suit, but to further *prosecute* it by appeal, to test the correctness of such ruling. Such appeal, when taken, removes the cause from the circuit to the appellate court, and, when bond is given, as in this case, the judgment of non-suit is superseded, and can only become operative and enforceable in the event of its being affirmed by the appellate court, and it is only when so affirmed that a plaintiff, in contemplation of this statute, can be said to suffer a non-suit. If the legislative intent was, as contended for by counsel, that intent could, and doubtless would, have been unmistakably expressed by making the section read, if any action shall have been commenced within the times respectively prescribed in this chapter, and a judgment of non-suit is rendered, either upon a voluntary or involuntary non-suit, the plaintiff may commence a new action within one year after the rendition of such judgment.

The judgment of the St. Louis Court of Appeals, reversing the judgment of the circuit court, is hereby affirmed, with the concurrence of the other judges.