## J. A. MASON et al., Appellants, v. KANSAS CITY BELT RAILWAY COMPANY.

### Division One, March 1, 1910.

1. **NONSUIT: Renewal of Action: Final Judgment.** Plaintiff has the right to bring a new suit upon the same cause of action within one year after the court sustained defendant's demurrer to the evidence and he took an involuntary nonsuit with leave. and the fact that plaintiff did at such term file his motion to set aside the nonsuit, and the court overruled the same and thereupon rendered judgment for defendant and against plaintiff, does not alter plaintiff's right to bring another suit on the same cause of action. That judgment was not a final judgment upon the merits, nor *res adjudicata* of the cause of action, for the reason the court had no authority to render it after the nonsuit suffered, which, in legal effect, was a dismissal.

2. ———: ———: ———: **Appeal.** An appeal from the order of the court overruling the motion to set aside the involuntary nonsuit is not necessary to authorize plaintiff to bring a new suit upon the same cause of action. He can renew the suit within one year without an appeal; and if he appeal and execute an appeal bond, he may bring the suit again within one year after the cause is determined in the appellate court.

Appeal from Jackson Circuit Court.—*Hon. Jackson L. Smith,* Special Judge.

REVERSED AND REMANDED.

*Jamison, Elliott & Ostergard* for appellants.

(1) Under the code practice of this State, an involuntary nonsuit is merely a dismissal of plaintiffs' cause of action, where it is taken before the cause is finally submitted to the jury, as was done in plaintiffs' case at Independence, based on the same cause of action as the case at bar. Waterworks Co. v. School Dist., 23 Mo. App. 235; West v. McMullin, 112 Mo. 409; State v. Railroad, 149 Mo. 109; Pub. Co. v. Young, 90 Mo. App. 513; Weithaupt v. St. Louis, 158 Mo. 659;

Meddis v. Wilson, 175 Mo. 133. (2) It is not the rule, that the involuntary nonsuit is not finally taken until plaintiff has appealed from the decision of the trial court overruling plaintiff's motion to set aside the involuntary nonsuit. It is wholly at the discretion of the plaintiff whether he will appeal from the decision of the lower court. If he does appeal, when bond is given, the judgment of dismissal on the involuntary nonsuit is superseded and suspended until the matter is determined by the appellate court, but if there is no appeal, there is no suspension of the judgment of dismissal, and it is entered at once. Chouteau v. Rowse, 90 Mo. 195; Hewitt v. Steele, 136 Mo. 334; Estes v. Fry, 166 Mo. 81; Wetmore v. Crouch, 188 Mo. 653; Meddis v. Wilson, 175 Mo. 132.

*Lathrop, Morrow, Fox & Moore* and *Geo. J. Mersereau* for respondent.

Section 2868, R. S. 1889, as amended by Laws 1905, p. 138, providing for a saving in case of nonsuit, is not applicable to a case of this kind. The plaintiffs in this case did not suffer a nonsuit. It was a record final judgment, rendered by the court in favor of the defendant and against the plaintiffs, and not until that judgment of the court has been finally disposed of on appeal can the plaintiffs avail themselves of the saving clause of section 2868. The judgment between the parties being final, its remedy was by appeal. Plaintiffs had not suffered a nonsuit as contemplated by the statute until this judgment of the court had been disposed of by appeal. Wetmore v. Crouch, 188 Mo. 643. The proceeding which resulted in the judgment in the Independence suit was the result of a trial of the plaintiffs' case and the judgment was as final as though a verdict had been rendered and the judgment of the court upon the verdict. The plaintiffs' rights in the case are clearly pointed out by the statute governing appeals. R. S. 1899, sec. 806; Coatney v. Rail-

road, 151 Mo. 35; State ex rel. v. Railroad, 149 Mo. 104. Our position is simply this, that the judgment of the court at Independence between these same parties is final unless reversed on appeal; that no new suit can be brought until such appeal is taken and an actual affirmance made by the Supreme Court.

WOODSON, J.—Plaintiffs brought this suit in the circuit court of Jackson county, Missouri, for the recovery of damages sustained by them through the alleged negligence of the defendant in causing the death of their son, at Kansas City, Kansas.

The petition in this case was filed August 4, 1906, which stated a good cause of action against the defendant; but as no point is made in that regard, it will receive no further consideration.

The facts are not disputed, and are stated by counsel for respondent, substantially, as follows:

A former suit was instituted by plaintiffs to recover damages on account of their son's death, in the Independence division of the circuit court of Jackson county, Missouri. The action came on for trial at the June term, 1906, of said court, at Independence, and the following proceedings were had: the trial was begun, and plaintiffs introduced all of their testimony, and at the end of plaintiffs' case, they were forced to take a nonsuit with leave to move to set the same aside; and afterwards, during the said June term of the Independence court, the plaintiffs duly moved the court to set aside said nonsuit and at said term the court denied said motion, and thereupon rendered judgment in said action in favor of defendant, against plaintiffs. No appeal was taken and no further steps whatever were taken in the case at Independence, but plaintiffs filed this, their second action, in the Kansas City division of the same court on August 4, 1906, within one year from the date of the nonsuit. Following the bringing of this second suit, at Kansas City,

the defendant in due time filed its motion to dismiss the cause for the reason that the judgment in the Independence division was *res adjudicata* as between the parties to the second cause. This motion in due time was taken up and considered by the court upon an agreed statement of facts, a portion of which was as follows:

"That on the trial of the issues between the parties hereto, based on the same cause of action, at the June term, 1906, of this court, at Independence, Jackson county, Missouri, plaintiffs took a nonsuit, with leave to move to set the same aside; that at said term, said plaintiffs duly moved the court to set aside said nonsuit, and that at said term said court denied said motion, and thereupon rendered judgment in said action in favor of defendant, against plaintiffs, which judgment was not appealed from by plaintiffs, and that at the time of the filing of the petition in this cause of action, against which this motion to dismiss is directed, the said June term, 1906, of this court, at Independence, Jackson county, Missouri, had duly ended."

And upon these facts the court sustained the defendant's motion to dismiss this cause, to which action of the court plaintiffs duly excepted, and from this ruling and order of court the plaintiffs in due time appealed to this court.

I. The real question presented by this record for determination is, was the action of the trial court in sustaining respondent's motion to dismiss this suit legal and proper? The correct answer to that question, however, depends upon the proper determination of two or three legal propositions.

The record discloses the fact that plaintiffs brought against defendant a prior suit, setting up the same cause of action that is stated in the petition filed herein. At the June term, 1906, of the circuit court, sitting at Independence, said cause was called for trial,

and the following proceedings were then and there had, namely: the plaintiffs introduced their evidence, and at the close thereof, the defendant asked an instruction in the nature of a demurrer to the evidence, which was by the court given. Thereupon, the plaintiffs took a nonsuit with leave to move to set the same aside. In due time and in proper form plaintiffs filed their motion to set aside the nonsuit which they were forced to take on account of the action of the court in giving said instruction, and also asked for a new trial. This motion was, by the court, overruled, and, thereupon, a judgment of nonsuit was entered against the plaintiffs. No appeal was taken by them from that judgment, but instead thereof, as before stated, they instituted this suit upon the same cause of action in the circuit court of Kansas City.

Counsel for defendant contend, by their motion to dismiss this action, that the foregoing facts are *res adjudicata,* and constitute a complete bar to appellants' right to a recovery herein.

In support of this contention, counsel insist that the plaintiffs in this case did not suffer a nonsuit to go against them in the former suit, but that there was a final judgment rendered by the court in favor of the defendant, and against the plaintiffs, and that they having failed to appeal from that judgment; it became *res adjudicata,* as before stated; and for that reason neither section 2868, as amended by the Act of 1905 (Laws 1905, p. 138), nor section 4285, Revised Statutes 1899, is applicable to this case, and are only availing where a nonsuit is suffered.

In support of that insistence, counsel relies upon the case of Wetmore v. Crouch, 188 Mo. 653. The statute the court there had under consideration was section 4285, before mentioned, contained in article 2 of chapter 48, entitled "Limitations of Actions." That section reads as follows:

"If an action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him."

In construing this statute, this court, speaking through Judge LAMM, in the case before cited, on page 652, said: "A broad view of this section—a view that takes in as well the remedy to be advanced as the mischief to be retarded and that does not deal in mere 'mint and anise and cummin,' but goes to the weightier matter of the law—shows that it was in the legislative mind that a litigant should have a day in court—a trial on the merits of his cause. If the proceedings fell short of that, if the judgment was arrested, or if for plaintiff and reversed on error or appeal, or if some interlocutory matter supervened and thwarted a trial on the merits, then the prescribed period of the Statute of Limitations, *ex gratia,* should be extended for one year as atonement for the miscarriage of justice. It is apropos to the subject to note that the frosty attitude of courts towards statutes of limitation is attested by the earlier decisions, but all judicial frigidity has dissolved under the benignant sunlight of modern apprehension of the salutary principles underlying such laws and the experiences of commercial peoples. As said by Wood (Wood on Lim. [3 Ed.], sec. 4): 'These statutes are declared to be "among the most beneficial

to be found in our books." "They rest upon sound policy, and tend to the peace and welfare of society;" and are so construed as to effectuate the intention of the Legislature, although in individual cases they may produce hardship. But if parties will not settle their business matters within reasonable periods before human testimony is lost and human memory fails, on pain of losing the right to a remedy thereon, not the law, but the party, is responsible for the hardship entailed.' But in applying this wholesome rule of construction, it will appear that all the provisions of our Statute of Limitations should be construed together and thus a liberal construction be given to effectuate the purposes of section 4285, as a constituent part of the legislative utterance, as well as to effectuate the purposes of the other provisions of the statute. In this spirit of liberality it was early held that the section in hand applies as well to voluntary as to involuntary nonsuits. [Shaw v. Pershing, 57 Mo. 1. c. 422; Briant v. Fudge, 63 Mo. 1. c. 492-3; Hewitt v. Steele, 136 Mo. 1. c. 333.] This view has not been entertained in some jurisdictions. For example, in Illinois, in Boyce v. Snow, 187 Ill. 181, it was held that a statute, substantially the same as ours, referred alone to involuntary nonsuits, and it must be admitted that by including voluntary nonsuits within the scope of the statute it is put within the easy power of a plaintiff, sua sponte, to harass a defendant with vexatious litigation, and this point was urged by counsel in the Shaw case, supra. The language of our statute is, 'suffer a nonsuit.' A close gloss of that phrase might very well have resulted in a holding that, by the use of the word 'suffer,' the idea of being subjected to a controlling force is suggested, and that nothing but an involuntary nonsuit would meet the spirit of the law, but this court, as evidence of its blandness in advancing the remedy sought, construed the statute as including both kinds of nonsuits, voluntary as well

as involuntary, and has consistently maintained that position. Again for the purpose of advancing the remedy, this court in Chouteau v. Rowse, 90 Mo. 191, held that it was not necessary to sue within one year after the judgment of nonsuit was rendered in the circuit court, but that if the second suit was commenced within one year after such judgment on plaintiff's appeal was affirmed in this court, it was well enough. It was observed in that case, by way of subtle analysis to further the argument, that the statute does not say within one year after a nonsuit was taken or after a judgment for nonsuit was entered, but within one year after such nonsuit was suffered, and it was held that a party has not suffered a nonsuit until a judgment of nonsuit is entered to the enforcement of which no legal impediment exists, which fact could not exist as long as the judgment was held up by appeal. To the same effect is Hewitt v. Steele, 136 Mo. l. c. 334. Coming to a closer view of the issue, and still keeping in mind the liberal tendency of this court in construing this law, it has practically been held that the word 'nonsuit' in the section involved means any judgment of discontinuance or dismissal whereby the merits are left untouched, thus discarding all technical niceties in the gloss of the word. For instance, in Meddis v. Wilson, 175 Mo. 126, a suit was disposed of by the following entry: 'This cause coming on to be heard and it appearing to the satisfaction of the court that the plaintiffs herein do not appear to prosecute in this cause, it is thereupon ordered that this cause be dismissed for want of prosecution.' It was held that such judgment of dismissal was a nonsuit within the meaning of section 4285, supra. In Weber v. Schergens, 28 Mo. App. 587, a suit was brought on a taxbill issued in 1869, which having been reversed in 1875 (59 Mo. 389) stood in the circuit court for trial *de novo* until the year 1877, 'when the plaintiff voluntarily dismissed it.' Judge THOMPSON, speak-

ing for that court, held that a subsequent suit on an amended taxbill was barred because not commenced within one year after the dismissal. (P. 593.) Persuasive authority exists elsewhere tending to the same end. For example, in Herring v. Poritz, 6 Ill. App. Ct. (Bradwell) 208, the record showed that a cause was called for trial and defendants were present by their attorneys, but that plaintiff failed to appear, either by person or attorney, and being three times called his default was entered and on motion of defendants' attorneys the suit was 'dismissed' and judgment was against plaintiff for costs. The question presented was whether under the Illinois statute, which provides that if the time limit for bringing such action shall expire during the pendency of a suit, in which plaintiff be 'nonsuited,' he may commence a new action within one year and not after, such entry of dismissal was an involuntary nonsuit. Following a scholarly consideration of the meaning of the word 'nonsuit,' wherein Bouvier's Law Dictionary, Webster's Dictionary and Blackstone were explored for light, the court arrived at the conclusion that a judgment dismissing a cause under such circumstances brought the plaintiff within the fair intendment of the law. In Bank v. Magness, 11 Ark. 343, it was contended that a statute providing that 'when a suit shall be commenced and the plaintiff suffer a nonsuit he may renew his action within twelve months from the time of such nonsuit,' was not met by a judgment of dismissal. The court held that there was no substantial difference between a judgment of nonsuit and a judgment of dismissal, and that the effect of both is the same. To the same effect is Baldwin v. Davidson, 139 Mo. l. c. 126. And in Louisiana, Belden v. Butchers Union, etc., Co., 38 La. Ann. 391, a case was dismissed because of a failure to furnish a bond for costs, on motion of defendant's counsel, as we infer was the case at bar. It was held by that court that such dismissal did not constitute a voluntary

abandonment of the suit as contemplated by a statute suspending prescription during the pendency of suit. And in Haldeman v. United States, 91 U. S. 584, it was held that the entry of a judgment 'that the suit is not prosecuted and be dismissed' is nothing more than the record of a nonsuit. Examples of this character might be multiplied, but let the foregoing suffice for our purpose, which is to show that a judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect and arrive at the same end, and hence should be treated alike and allowed the same office in the every-day administration of the law. Under modern practice the court, *nisi*, could have entered a nonsuit in terms or a judgment of dismissal, and this in spite of section 1543, Revised Statutes 1899, which is merely directory and was not intended to schedule all the court's power in the form of discontinuance to be employed in such instance. That the form used happened to be that of dismissal ought not to have the drastic result of stripping the plaintiff by one stroke of the pen of the benefits of section 4285, in view of our conclusion that an entry of dismissal and an entry of nonsuit are equivalent in law and practice.''

If we correctly comprehend the position taken by counsel for defendant, they do not contend that said statute as above construed by this court is not applicable to a case where simply a nonsuit is suffered by plaintiff, but they do insist that in the former case there was not only a nonsuit suffered by plaintiffs, but that the record also shows that a final judgment was rendered against them in that suit, and in favor of the defendant therein, which was never appealed from, but is still in full force and effect. This contention of respondent is based upon the following language, contained in the bill of exceptions filed herein (which, however, does not purport to be a copy of the judgment but only a statement of its legal effect):

"That on the trial of the issues between the parties hereto, based on the same cause of action, at the June term, 1906, of this court, at Independence, Jackson county, Missouri, plaintiffs took a nonsuit, with leave to move to set the same aside; that at said term, said plaintiffs duly moved the court to set aside said nonsuit, and that at said term, said court denied said motion, and thereupon rendered judgment in said action in favor of defendant, against plaintiffs, which judgment was not appealed from by plaintiffs, and that at the time of the filing of the petition in this cause of action, against which this motion to dismiss is directed, the said June term, 1906, of this court, at Independence, Jackson county, Missouri, had duly ended."

In our opinion, counsel misconstrue the meaning of the language quoted. While it is true it states that the court rendered judgment "in favor of defendant, against plaintiffs," yet that language must be read in the light of and in connection with that which precedes it, which states that "plaintiffs took a nonsuit with leave to move to set the same aside," etc. So, if we read the two clauses last quoted together, then clearly the meaning thereof is that the judgment mentioned was a judgment of nonsuit, and not a final judgment upon the merits, as contended for by counsel for respondent. But suppose we are in error in our construction of the language used, and that the contention placed thereon by counsel is the correct one, then how stands the case? Not one whit more favorable to respondent than it would be if it rested upon the construction placed upon it by the court, for the obvious reason that the very language relied upon by counsel as constituting the basis for the contention, that the judgment was final and not one of nonsuit, shows that "plaintiffs took a nonsuit before the court rendered judgment in said action in favor of defendant, against plaintiffs."

Under our Practice Act, an involuntary nonsuit is merely a dismissal of plaintiff's case, when done before the cause is finally submitted to the jury, or as was done in the case tried at Independence.

In the case of Wetmore v. Crouch, supra, Judge LAMM, in speaking for the court, said: "It has practically been held that the word 'nonsuit' in the section involved means any judgment of discontinuance or dismissal whereby the merits are left untouched."

In support of that statement of the law, our learnèd associate reviews some of the decisions of this and other courts, as shown by the extended quotation before made from that case. To the same effect are the following cases: Waterworks Co. v. School Dist., 23 Mo. App. l. c. 235; West v. McMullen, 112 Mo. l. c. 409, 410; State ex rel. v. Railroad, 149 Mo. l. c. 109; Hudson Co. v. Young, 90 Mo. App. l. c. 513; Weithaupt v. St. Louis, 158 Mo. l. c. 659; Meddis v. Wilson, 175 Mo. l. c. 133.

If the nonsuit suffered by plaintiffs, at Independence, was in legal contemplation but the dismissal of their former suit, then it must necessarily follow that the circuit court of Jackson county, sitting at Independence, had no power or authority to enter the final judgment mentioned in favor of defendant and against plaintiffs, as is contended for by counsel for respondent, for the simple reason that their suit, according to respondent's own theory, was dismissed several days before the court undertook to render the judgment mentioned, which was not done until after the motion to set aside the nonsuit was overruled, as shown by the record.

It is academic that a case must be pending in court before the court possesses the power to render judgment thereon; and in the former case between these parties, the only authority the court had, after the nonsuit was taken therein, was either to sustain the motion to set aside the dismissal or nonsuit, and

thereby reinstate the cause which had been previously dismissed, or to overrule said motion, as was done, and thereby leave the cause of action where the plaintiffs had placed it by taking the nonsuit, namely, outside of and beyond the jurisdiction of the circuit court.

We are, therefore, of the opinion that the judgment rendered by the circuit court, at Independence, was not a final judgment upon the merits of the cause, but was a judgment of involuntary nonsuit.

II. It is next insisted by counsel for respondent, that appellants, the plaintiffs in the former case, had not suffered a nonsuit as contemplated by sections 2868, as amended by the Act of 1905, and 4285, Revised Statutes 1899, until the order of the court overruling the motion to set aside the nonsuit taken in that case had been disposed of on appeal; and quotes in support thereof the following language from the case of Wetmore v. Crouch, supra, p. 653: "Again, for the purpose of advancing the remedy, this court in Chouteau v. Rowse, 90 Mo. 191, held that it was not necessary to sue within one year after the judgment of nonsuit was rendered in the circuit court, but that if the second suit was commenced within one year after such judgment on plaintiff's appeal was affirmed in this court, it was well enough. It was observed in that case, by way of subtle analysis to further argument, that the statute does not say within one year after a nonsuit was taken or after a judgment for nonsuit was entered, but within one year after such nonsuit was suffered, and it was held that a party has not suffered a nonsuit until a judgment of nonsuit is entered to the enforcement of which no legal impediment exists, which fact could not exist as long as the judgment was held up by appeal."

That case simply holds that where an appeal has been taken from the order or judgment of the court overruling a motion to set aside a nonsuit, and the judgment is affirmed, the plaintiff then has, under said

sections of the statutes, one year from the date of the affirmance in which to commence a new suit upon the same cause of action stated in the original petition. But that case does not hold that plaintiff in such a case must appeal from the order overruling the motion to set aside the nonsuit and to reinstate the cause, before he can avail himself of said statutes, and begin the new suit thereby authorized. If he does appeal and executes the appeal bond, then the judgment of dismissal rendered on an involuntary nonsuit is superseded and suspended until the cause is determined in the appellate court; and, as before stated, the suit may again be brought within one year from and after that time. But if an appeal is not taken, then there is no suspension of the judgment of dismissal, which is effectual from and after the date of its rendition and in such a case the new suit authorized by said sections must be begun within one year from the date of said rendition. These views are fully supported by the following cases: Chouteau v. Rowse, 90 Mo. 1. c. 194; Hewitt v. Steele, 136 Mo. 1. c. 333; Estes v. Fry, 166 Mo. 1. c. 81; Wetmore v. Crouch, supra, 1. c. 653-4; Hudson Co. v. Young, 90 Mo. App. 1. c. 513.

In this discussion of this question, NORTON, J., in the first named case, in speaking for the court, said: "It is conceded that the present suit was not commenced within one year after the judgment of nonsuit was rendered by the circuit court, but that it was commenced within one year after the said judgment on plaintiff's appeal to this court was affirmed, on the 20th of April, 1874, the case being reported in 56 Mo. 67. It is affirmed on the part of defendant that, inasmuch as the present action was not begun within one year after the judgment of nonsuit was taken in the circuit court, and inasmuch as more than five years had elapsed from the time plaintiff's right of action accrued and the institution of the suit, such

right is not saved by section 3239, Revised Statutes 1879, but is forever barred, which section is as follows: 'If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit, or after a verdict for him the judgment be arrested, or after a judgment for him the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered, or such judgment arrested or reversed,' etc.   This proposition is denied by plaintiffs, and they affirm that the action having been brought within one year after the rendition of the judgment by this court affirming the judgment of the circuit court, is not barred according to the true intent, meaning, and spirit of said section, but is thereby saved.   Counsel for defendant, in an argument more ingenious than sound, insists that '*ita lex scripta est*,' and that the statute should be literally and strictly construed, without regard to that other maxim, '*que haeret in litera, haeret in cortice.*'   In so far as the act in question has been construed by this court, it has been literally construed with a view to accomplish the purpose of its enactment.   [Shaw v. Pershing, 57 Mo. 417; Briant v. Fudge, 63 Mo. 489; Wood v. Nortman, 85 Mo. 298.]   It will be observed that the statute does not in terms provide that the suit shall be brought within one year after nonsuit is taken or judgment of nonsuit entered, but within one year after such nonsuit is suffered.   When, in contemplation of this statute, may it be said that a party has suffered a nonsuit.   I think it is when a judgment of nonsuit is entered, to the enforcement of which no legal impediment exists.   Nonsuits are either voluntary or involuntary, and it is held in the case of Shaw v. Pershing, supra, that both are included in, and referred to by, the act.   When a voluntary nonsuit is taken, the plaintiff abandons his suit and it is ended; and we have held that from the judgment entered upon

it, no appeal will lie, and in such case the judgment is operative and enforceable, and the party thus suffering the nonsuit must, to be protected by the statute, bring his action within one year after the judgment is rendered. But not so in the case of an involuntary nonsuit, which the plaintiff, by some adverse ruling of the court, is driven or compelled to take, with leave to move to set the same aside with a view not to abandon the prosecution of the suit, but to further prosecute it by appeal, to test the correctness of such ruling. Such appeal, when taken, removes the cause from the circuit to the appellate court, and, when bond is given, as in this case, the judgment of nonsuit is superseded, and can only become operative and enforceable in the event of its being affirmed by the appellate court, and it is only when so affirmed that a plaintiff, in contemplation of this statute, can be said to suffer a nonsuit. If the legislative intent was as contended for by counsel, that intent could, and doubtless would, have been unmistakably expressed by making the section read, If any action shall have been commenced within the times respectively prescribed in this chapter, and a judgment of nonsuit is rendered, either upon a voluntary or involuntary nonsuit, the plaintiff may commence a new action within one year after the rendition of such judgment.''

And in the next case, BRACE, C. J., clearly stated the law in the following language: ''This statute applies as well to voluntary as to involuntary nonsuits (State ex rel. v. O'Gorman, 75 Mo. 370), and when an appeal will lie, as now, from an order granting a new trial, which arrests a judgment after verdict, and such appeal is taken, the judgment of nonsuit is thereby superseded, the case removed to the Supreme Court, and only when the judgment is affirmed by that court is a nonsuit suffered within the meaning of this statute, and the plaintiff's action having been commenced within a year after the affirmance of the judgment in

the first case, by the Supreme Court, her action was not barred. [Chouteau v. Rowse, 90 Mo. 191.]''

In Estes v. Fry, supra, Judge MARSHALL, on page 81, said: ''The one year here allowed means one year after the judgment is entered for a nonsuit, in arrest, or for a reversal, and this is true whether such judgment is entered in the trial or appellate court. [Chouteau v. Rowse, 90 Mo. 191; Hewitt v. Steele, 136 Mo. 327.] So that this suit was begun within one year from the date on which the nonsuit was suffered, and hence is not barred by limitation.''

As to the case of Wetmore v. Crouch, supra, we set out what Judge LAMM said therein, regarding the question under consideration, which need not be repeated here.

In the case of Hudson-Kimberly Publishing Co. v. Young, 90 Mo. App., supra, the judgment of nonsuit was not appealed from. On page 513, the court said: ''An involuntary nonsuit is merely a dismissal of the plaintiff's cause of action, when it is taken before the case is finally submitted to the jury, the court sitting as a jury, or the court.''

In the case of Meddis v. Wilson, 175 Mo. l. c. 132-133, no appeal was taken from the judgment ordering an involuntary nonsuit. The court says: ''The plaintiffs who 'suffered' such nonsuit might have commenced an action within one year after such nonsuit was 'suffered.' ''

Under the light of the foregoing adjudications, it cannot, it seems to us, be logically held that the statutes under consideration do not authorize the plaintiff, who suffered an involuntary nonsuit, not appealed from, to bring a new suit within one year from the date of the rendition of said judgment of nonsuit.

We, therefore, rule this insistence against respondent.

III. A question is raised and discussed as to whether or not section 2868 as amended by the Act of

1905 (Laws 1905, p. 138), is applicable to this case. The record shows that the nonsuit mentioned was suffered at the June term, 1906, of the circuit court of Jackson county, sitting at Independence; and the act in question was approved April 12, 1905. This identical question was presented to this court in the case of Clark v. Railroad, 219 Mo. 524, and by an unanimous court it was answered in the affirmative. That case has since been followed by this court in Banc in the case of State ex rel. v. Taylor, 224 Mo. 393. Those cases are controlling in this one. But in this particular case, this question is of minor importance, for the reason that under the undisputed facts, the case clearly comes within the provisions and saving clause of section 4285, Revised Statutes 1899.

The judgment is, therefore, reversed, and the cause remanded. All concur.