————o————

CHARLES P. CHOUTEAU, *et al.*, Appellants, *vs.* EDWARD S. ROWSE, Respondent.

1. *Collector—Check received for taxes, when amounts to payment.*—Where a tax-payer has funds in bank sufficient to pay his taxes and the collector receives his check for the amount, and fails to present the check in due time at the bank and the institution afterwards fails, the collector must bear the loss. And if after receipt of the check, the collector returns the taxes delinquent, and the tax-payer is compelled to pay them with another appropriation of money, the collector becomes liable to him for the amount of the check.

*Appeal from St. Louis Circuit Court.*

*A. J. P. Garesché*, for Appellants.

*Harding & Crane*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action to recover from defendant ten thousand dollars which had been paid to him by the plaintiffs in part payment of taxes due on lands in St. Louis county, belonging to plaintiffs. The petition alleges that the defendant was the county collector of taxes for St. Louis county, and that the plaintiffs paid him ten thousand dollars in part payment of their taxes which had been assessed against them on their lands in St. Louis county, and that subsequently, they tendered the defendant as collector, the balance of the taxes due on their lands

which he refused to accept; that the defendant as collector, afterwards returned said taxes wholly delinquent without any credit for the amount paid by them, and that they were compelled to pay the whole amount of the taxes to Robert Charles the successor of defendant in office ; that the defendant refuses to pay to the plaintiffs the said ten thousand dollars, or any part thereof, although duly demanded of him by plaintiffs.

The answer of defendant was a denial of the allegations of the petition.

On the trial of the case, the only evidence offered or given by plaintiffs was as follows: ''That the plaintiffs constitute the firm of Charles P. Chouteau & Co.; that on the 30th of Nov., 1867, they delivered to defendant, who was the collector of taxes for the county of St. Louis, in part payment of the taxes by these plaintiffs to be paid, the sum of ten thousand dollars, by the check of plaintiffs on the banking house of Tesson, Son & Co., which sum defendant then and there accepted, in part payment of such taxes; that at the time said check was drawn and ever since, there has been in the hands of said Tesson, Son, & Co., more than sufficient funds, lawful money of the United States, to the credit of plaintiffs out of which to meet the payment thereof; that had said check been duly presented it would have been paid in such lawful money of the United States; but it was not so presented and never has been to this day, and that to this day said check remains in possession of defendant; that had said check been presented with due diligence, it would have been paid in lawful money of the United States, but was withheld from presentation by defendant and subsequently, and about a month later, the firm of Tesson, Son & Co., failed and have ever since been wholly insolvent.''

''Upon the offer of this proof, defendant for the purpose of this trial admitted it as if made and given in evidence, and then demurred to the evidence, by asking of the court that upon the proof of these facts plaintiffs were not entitled to recover.''

The court sustained the demurrer and thereupon the plaintiffs took a non-suit with leave to move to set the same aside. The plaintiffs in due time moved to set aside the non-suit which motion the court overruled and plaintiffs excepted and appealed to the general term, where the judgment at special term was affirmed, and the plaintiffs appealed to this court.

1. The chief point discussed by counsel is whether the check given by the plaintiffs on their bankers, in favor of the defendant, operated as a payment of their taxes *pro tanto*. It is conceded, that if the money to their credit in the bank, had been drawn out by the plaintiffs themselves and delivered to the defendant, that would have been an actual payment as the money to their credit was lawful money of the United States. But did not this check represent the funds in bank? And is it not the usual and ordinary way especially in large cities to pay debts by checks on banks? Kent in his Commentaries says: "The check is the acknowledgment of a certain sum due. It is an absolute appropriation by the drawer of so much money in the hands of his banker to the holder of the check, and there it ought to remain till called for; and unless the drawer actually suffers by such delay, as by the intermediate failure of his banker, he has no reason to complain of delay not unreasonably protracted. If the holder does so unreasonably delay, he assumes the risk of the drawee's failure, and he may under circumstances be deemed to have made the check his own to the discharge of the drawer." (4 Kent's Com., 549 ; Morrison vs. McCartney, 30 Mo., 183.)

The facts of this case show that the holder of the check, by not presenting it in due time made it his own, and must suffer the consequences of the failure of the bankers. If after thus receiving this check in payment of the taxes, the defendant returned the taxes delinquent and the plaintiffs were compelled to pay them again, that rendered him liable to them for the amount of the check, as so much money paid to him to pay their taxes and converted by him to his own use.

2. But the agreed statement, or rather the facts offered in evidence and admitted as proved, fail to establish the entire

case of the plaintiffs. They fall short of proving some of the
material allegations in the petition without proof of which
the plaintiffs could not recover. It was necessary for the
plaintiffs to prove, that the defendant converted the money
paid to him to his own use, by neglecting to give credit on
the taxes for the amount paid, and by returning the whole of
the taxes as delinquent whereby the plaintiffs were compelled
to pay the sum sued for to his successor in office. These ne-
cessary facts were entirely omitted by the plaintiffs in proving
their case, although ;they were a part of the material allega-
tions averred in the petition and denied by the answer.

A plaintiff must prove all the material allegations in his
petition which are denied by the answer, in order to recover.
As that was not done in this case, the demurrer to the evi-
dence was properly sustained.

Judgment affirmed. The other judges concur.