Guthrie v. Waite.

---

LOUISA W. GUTHRIE, Respondent, v. A. H. WAITE, Defendant; McINDOE & THURMAN, Interpleaders, Appellants.

Kansas City Court of Appeals, February 17, 1908.

BAILMENT: Check to Indemnify Surety: Title. Plaintiff gave a check to a corporation for the purpose of indemnifying a surety on a corporation's bond. The corporation took a bank's draft and turned it over by endorsement to its attorneys to the surety. When the liability of the surety had terminated plaintiff brought an action against the surety to recover the money. He paid the money into court and asked that the attorneys should be required to interplead for the same as they claimed some interest in it. *Held*, the transaction did not operate to divest the plaintiff of her ownership any more than it would have done so to personal property put up to indemnify the surety, and was a mere bailment, and cases relating to the law merchant and the rights of parties under negotiable instruments do not apply.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*P. D. Decker* and *Thomas Dolan* for appellants.

(1) Granting that Louisa Guthrie was the owner of the funds in the Franklin Bank at St. Louis, the check given by her to the Velvet Mining Company when accepted and paid by the Franklin Bank and issuance of its draft to the Velvet Mining Company was an ab-

solute assignment of her funds to the company. The drawer cannot revoke the owner's right. Lewis v. International, 13 Mo. App. 205; Morrison v. McCartney, 30 Mo. 183; Chouteau v. Rouse, 56 Mo. 65; McGrade v. Savings Institution, 4 Mo. App. 339. (2) If Louisa Guthrie parted with her interest in the funds in the Franklin Bank she has no legal title remaining in her on which she can base her action. Buffington v. Land Co., 25 Mo. App. 492; Claffin v. Summers, 39 Mo. App. 423; Van Stone v. Goodwin, 42 Mo. App. 39; Ellis v. Railroad, 40 Mo. App. 165. (3) A contract whereby one claims in consideration of the transfer of money to him by the other party to pay the other party a sum of money does not create a trust but is a personal obligation. Vehman v. Schloss, 179 Mo. 593. And the acceptance of a trust is essential. Borden v. Carter, 119 Mo. 572; Price v. Kane, 112 Mo. 412; Hellman v. Allen, 145 Mo. 630; Deal v. Bank, 79 Mo. App. 268; Childs v. Cemetery Assn., 4 Mo. App. 74; Kennedy v. Crow, 57 Mo. 73; Crow v. McCaugh, 11 Mo. App. 426; Huetsman v. Vieselman, 48 Mo. App. 582; Mills v. Post, 76 Mo. 426. And the same must be subject to identification. Reaper v. Reaper, 79 Mo. 352; Reed v. Peck, 163 Mo. 341; Leete v. Bank, 115 Mo. 204. (5) The plaintiff Louisa Guthrie is estopped from claiming the funds because she transferred the same to the Velvet Mining Company and permitted the same to be used as the money of the company, whereas in this case McIndoe & Thurman had no knowledge of such claim. Rice v. Bunce, 29 Mo. 1; Campbell v. Johnson, 44 Mo. 245; Chouteau v. Goodwin, 39 Mo. 229; Taylor v. Zipp, 14 Mo. 482; Newman v. Hook, 37 Mo. 207; Commonwealth v. Motty, 51 Am. Dec. (1 Pa.) 502; Drew v. Kimball, 43 N. H. 282, 80 Am. Dec. 163 L. Ed. B. 24, 696; Railway v. McCarthy, 96 U. S. 258, 163 L. Ed. B. 24, p. 696; State v. Board Commission, 60 Neb. 570; Landis v. Hamilton, 77 Mo. 565.

*W. J. Owen* and *H. W. Currey* for respondent.

(1) The transaction by which the $2,200 of Mrs. Guthrie's money was placed in the hands of A. H. Waite, was a pledge or bailment. Jones on Pledges, secs, 8, 10, 501; Lawrence v. Maxwell, 53 N. Y. 19. And money may be the subject of a pledge. Anderson v. Bank, 112 Cal. 598, 53 Am. St. 228; 44 Pac. 1063; Markham v. Jaudon, 41 N. Y. 241; Jendee & P. Co. v. Bank, 51 Ill. App. 350; In re Johnson, 103 Mich. 109; Palmtay v. Deandrich, 59 Cal. 154. (2) The delivery of the $2,200 to O. B. Guthrie and by O. B. Guthrie to A. H. Waite constituted a special deposit and Mrs. Guthrie did not, thereby, part with the title to her money. Officer v. Officer, 94 N. W. 947; People v. Bank, 96 N. Y. 33; Peake v. Elliot, 30 Kan. 156; Bank v. Foreman, 21 Atl. 20. (3) In order that the $2,200 placed in the hands of Waite should become bail money or a trust fund which could be followed by Mrs. Guthrie, it was not necessary that the contract between her and Waite should have been that the identical money be returned to her, neither was it necessary that such should have been the understanding between her and her agent, O. B. Guthrie. Stoller v. Coates, 88 Mo. 514; Bank v. Insurance Co., 94 U. S. 54; Harrison v. Smith, 83 Mo. 210; Massy v. Fisher, 62 Fed. 958, 959; Straus v. Bank, 122 N. Y. 384. (4) The mere fact, if it was a fact (which we deny), that the fund or money drawn on the check was commingled with other funds of the Velvet Mining Company or with the general funds of A. H. Waite, did not destroy its character as bail or pledge funds; since, the mere commingling of funds which are to be devoted to a specific purpose, with other funds of the depositee, does not destroy the right of the true owner to claim such specific fund. Van Allen v. Bank, 52 N. Y. 1; Bank v. Insurance Co., 104 U. S. 54; Brown v. Spohr, 180 N. Y. 202. (5) The deposit of Mrs. Guthrie's money with A. H. Waite to indemnify

him against loss in case he should be required to pay the bond of the Velvet Mining Company established a fiduciary relation between Waite and Mrs. Guthrie and he held the money, as soon as his liability ceased, in trust for her. Peake v. Elliot, 30 Kan. 156, 1 Pac. 499; Massey v. Fisher, supra; People v. German Bank, supra; McLeod v. Evans, 66 Wis. 410, 411'; Heege v. Fruin, 18 Mo. App. 142; Rhinehart v. Soap Co.; 33 Mo. App. 24. (6). And whether Waite had any knowledge of the fact that Mrs. Guthrie had given her husband the $2,200 for the specific purpose of making the bond on appeal in the case of Johnson v. Velvet Mining Company, is wholly immaterial. Quarels v. Hall, etc., Co., 100 Mo. App. 523; Webb v. Railway, 52 Atl. 5; In re Swift, 108 Fed. 212; Stock & Grain Co. v. Bendinger, 109 Fed. 926; Hutchinson v. LeRoy, 113 Fed. 202; Burnett v. Bank, 38 Mich. 630.

BROADDUS, P. J.—This is a proceeding by interplea. The facts are as follows: The Velvet Mining Company is a corporation organized for mining purposes. The respondent Louisa W. Guthrie was a stockholder in said company, and her husband O. B. Guthrie is and was its secretary, treasurer and general manager. In February, 1906, the company had been sued in a justice of peace court in unlawful detainer for the possession of its lease and damages in the sum of $2,000. Judgment was rendered against the company and the said O. B. Guthrie employed the appellants McIndoe & Thurman, attorneys at law, to appeal the case. The company gave an appeal bond but was required for some reason, which is immaterial, to give a new bond when the case reached the circuit court. The appellants wrote a letter to Guthrie, the manager, notifying him of what was necessary to be done. A. H. Waite, who became the surety, required the company to indemnify him as such against loss. Guthrie sent to

appellants a draft for $2,000 which was issued by the Franklin Bank payable to the said company, and indorsed to appellants who in turn indorsed and delivered the same to said Wait the surety on the appeal bond. The latter gave a receipt to appellants which recited that when the liability was ended the funds realized from the draft should be returned to them.  At that time neither they nor Waite had any knowledge of Mrs. Guthrie or that she had any relation whatever with the company or that she had any claim to the draft or the funds.  The suit in unlawful detainer terminated in favor of the company.

Afterwards in November, 1906, the appellants upon hearing that the company had undertaken to withdraw said funds in the hands of Waite began an attachment proceeding in the circuit court against the company, and caused Waite to be summoned as garnishee.  The company defended the suit and filed a plea in abatement.  On the trial the attachment was sustained.  During the trial Mrs. Guthrie was in attendance and assisted in the defense of the case, but she filed no interplea.  However, on December 24, 1906, while the attachment was pending she commenced suit against Waite claiming the funds.  Waite filed an answer in the attachment suit in which he disclaimed having any interest in the money in his hands and deposited the same with the court and further answering that appellants and Mrs. Guthrie claimed the said money, and he asked that they be compelled to interplead.  The court made an order that the parties file an interplea with which order they complied.

Mrs. Guthrie had money in bank against which she drew said check payable to the company for the sum of $2,200.  O. B. Guthrie her husband and general manager of the company cashed said check and obtained the draft mentioned which he forwarded to appellants.

The theory of the appellants is that Mrs. Guthrie

in giving her check as stated transferred the title to the money to the company; and that upon this fund they obtained a loan by reason of their attachment. In support of this theory they cited the following cases: Lewis v. International Bank, 13 Mo. App. 202; Morrison v. McCartney, 30 Mo. 183; Chouteau v. Rowse, 56 Mo. 65; McGrade v. German Saving Institution, 4 Mo. App. 330. These cases have no application whatever as they relate to the law merchant and to the rights of parties under negotiable instruments, whereas this is a case of bailment for a special purpose. The means by which the money of Mrs. Guthrie got into the hands of Waite the surety, did not operate to divest her of her ownership any more than if the bailment had been a horse or any other species of personal property. The check and draft were only the means resorted to by which the money of Mrs. Guthrie was deposited in the hands of Waite for a specific purpose and did not operate to vest title to it in the company, and the purpose of the bailment having been accomplished the said Waite nor any one else had any claim to it. The company had no right to appropriate the draft to its own purpose except as the indemnity to Waite. The latter now disclaims any interest in it whatever. The company having no right to said fund the appellants obtained none by reason of their attachment. For the reasons given the cause is affirmed. All concur.