J. C. FISHER, Respondent, v. THOMAS H. BAGNELL et al., Administrators of the Estate of WILLIAM F. BAGNELL, Deceased, Appellants.·

St. Louis Court of Appeals, June 6, 1916.

1. **BANKS AND BANKING: Payment of Check After Death of Drawer: Liability of Payee and Drawee.** The death of the drawer of a check operates as a revocation of the payee's authority to draw the money called for by the check, and the payment of such a check by the drawee bank would make it, as well as the payee, liable for the amount thereof to the personal representative of the deceased drawer.

2. **EXECUTORS AND ADMINISTRATORS: Banks and Banking: Liability of Estate of Decedent on Unpaid Check.** Under Secs. 9972 and 10155, R. S. 1909, a bank check is a negotiable instrument—an inland bill of exchange—and under Sec. 9995, it imports a consideration, and under Sec. 10031, the drawer impliedly warrants that it will be paid on due presentment; and hence, in an action on a claim against the estate of a deceased drawer of a check, it is not necessary for the claimant to prove the original consideration, but the check itself will establish the claim, in the absence of a showing by the personal representative of decedent that there was no consideration.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Byron F. Babbitt* for appellants.

(1) A check is a draft or order upon a bank or banking house, purporting to be drawn upon a deposit of funds for the payment at all events of a certain sum of money to a certain person therein named, or to his order, or to bearer, and payable instantly on demand. 2 Daniels on Neg. Instruments, sec. 1566; R. S. 1909, sec. 10155; Bank v. Bank, 148 Mo. App. 1; Glenn v. Trust & Savings Dep. Co., 209 N. Y. 12; In re Kern's Estate, 171 Pa. St. 55.    (2) The death of the drawer revokes payment of the check when the bank has notice before it is presented. Van Schaak on Checks, p. 85; Magee on Banks & Banking, pp, 289, 290; 2 Daniels on Neg. Instruments, sec. 1618b; Morse on Banks & Banking (4 Ed.) sec. 400; Chalmers on Bills, Notes & Checks, p. 267; Fordred v. Seamen's Bank, 10 Abbotts Pr. (N. S.) 425; Bank v. Miller & Co., 77 Ala. 168, 173; Saylor v. Bashong, 100 Pa. St. 23; Cook v. Lewis, 172 Ill. App. 518; Glennon v. Trust & Savs. D. Co., 209 N. Y. 12.    (3) It is the general rule with respect to checks that the holder has no recourse on the drawer until the check has been presented to the bank and payment refused, and such presentment and refusal are essential preliminaries to an action against him. 2 Daniels on Neg. Inst., sec. 1586; Bank of Republic v. Millard, 10 Wall. 153.    (4) No cause of action can be predicted upon a check until proof of presentment and demand for payment during decedent's lifetime is shown. Harker v. Anderson, 21 Wend. (N. Y.) 372; Commercial Bank v. Bank, 118 North Carolina 783; Balsin v. Mutual Alliance, 132 N. Y. Supp. 325.    (5) In the hands of the payee a simple check which is unpaid and has not been presented for payment cannot be used as evidence of any debt from the drawer to the payee, for the drawer has only contracted that the bank should pay the amount on demand, and until demand the drawer is not bound. 2 Daniels on Neg. Inst. (5 Ed.), sec. 1646; Byles on Bills (8 Ed.), p. 69; Van Schaak on Checks, p. 199; 2 Parsons on Bills & Notes, p. 83; Fleming's Executors v. McLean, 12 Pa. St. 177;

Lancaster Bank v. Woodward, 18 Pa. St. 357-361; Gettysburg Nat'l Bank v. Kuhns, 62 Pa. St. 88, 91; Bougher v. Conn, 17 Phil. (Pa.) 81-83; Thornton on Gifts, p. 302; Martin v. Martin, 89 Ill. App. 147; Pennell v. Ennis, 126 Mo. App. 355.

*Frank H. Haskins* for respondent.

(1) The instrument in question was a check and a negotiable instrument as defined by statute. R. S. 1909, secs. 9972, 10096, 10115. (2) The check was given to respondent for a valuable consideration. A check imports a consideration without further proof. R. S. 1909, sec. 9995; 2 Daniels on Neg. Inst. (6 Ed.), sec. 1646; McKenzie v. Barrett, 148 Ill. App. 414; Maman v. Lamb, 7 Cow. 176; Hoyt v. Seely, 18 Conn. 353; Child v. Moore 6 N. H. 33; David v. Mechanic's National Bank, 103 Ky. 586. (3) A check is a contract entered into between the maker and payee, by which the maker impliedly warrants that if presented to the drawee it will be paid, and upon failure of the drawee to pay and notice thereof the maker becomes liable in an action on the check for breach of the implied warranty. Bukford v. 1st Nat'l Bank, 42 Ill. 238; Cummings v. Kent, 44 Ohio State 95; Wood v. Surrels, 89 Ill. 107; Chitty on Bills (Ed. 1878), p. 144. (4) Presentation to a bank may be made at any time provided the delay has not been such as to cause damage to the maker. R. S. 1909, sec. 10156; Harker v. Anderson, 21 Wend. 372; Henshaw v. Root, 60 Ind. 220. (5) When the check is given for a valuable consideration the death of the drawee is not a revocation of the check. Lewis v. International Bank, 13 Mo. App. 202; 1 Parsons on Bills and Notes, p. 287; Chalmers on Bills and Notes, page 275; 2 Daniels on Neg. Inst. (6 Ed.), sec. 1618 B; Cutts v. Perkins, 12 Mass. 206.

ALLEN, J.—This is an action to enforce a claim against the estate of William F. Bagnell in favor of this respondent, founded upon a check issued to respondent by decedent shortly prior to the latter's death. The

probate court allowed the claim against the estate, and on the appeal of the executors to the circuit court, where the cause was tried by the court without a jury, the claimant again prevailed, and the executors have appealed to this court. The cause was tried in the circuit court on an agreed statement of facts which (omitting some statements relative to the presentation and allowance of the claim in the probate court and the appeal therefrom) is as follows:

"That on August 3, 1912, said William F. Bagnell in his lifetime executed and delivered to Jeanette C. Fisher, the plaintiff herein, the following check, to wit:

'No. 2066.                   St. Louis, August 3, 1912.
The Mechanics-American National Bank of St. Louis.
Pay to the order of Miss J. C. Fisher..........$500.00
Five Hundred ...........................Dollars
                              WILLIAM F. BAGNELL.' "

"That said check was drawn by said William F. Bagnell against his general account or deposit in said bank for but a part thereof and not against any special fund.

"That said William F. Bagnell died on the 28th day of August, 1912; that thereafter these defendants were duly appointed administrators of said William F. Bagnell's estate; have since duly qualified and are now acting as such   .   .   .

"That said check was never either accepted or paid by said bank prior to the death of said William F. Bagnell, and has not by it since been paid, and that plaintiff did not present said check to said bank for payment until after said William F. Bagnell's decease. That said check was presented to Mechanics-American National Bank for payment by plaintiff within three or four days after the death of William F. Bagnell and payment was refused by the bank. That within three or four days thereafter defendants were notified by plaintiff of the refusal of the bank to pay said check and demand for payment was made by plaintiff of defendants, which demand was refused by defendants, and said check or the amount thereof has never been paid.

"That defendants suffered no less by the delay of plaintiff in presenting said check for payment."

Plaintiff also offered the check in evidence, and it was admitted over defendants' objections.

It is argued for appellant that the check "was but an order on the bank to pay to plaintiff the sum of money therein called for on demand, and was revocable by the drawer at any time prior to his death and before it had been presented to the bank for payment;" and that the death of the drawer, occurring before presentation of the check to the bank, "revoked the latter's authority to pay it, and plaintiff thereafter must have established as the basis of any claim against decedent's estate the original consideration, if any, for which said check was given;" and that the check was not admissible in evidence as tending to establish the claim.

The instrument here in question is governed by the provisions of our Negotiable Instruments Law which was in force at the date of the execution thereof; and by the terms of the Act a check is defined to be "a bill of exchange drawn on a bank payable on demand." And, except as otherwise provided in the Act, the provisions thereof applicable to a bill of exchange payable on demand apply to a check. [Section 10155, Rev. Stat. 1909.]

Prior to the enactment of the Negotiable Instruments Law, it was well settled in this jurisdiction that a check did not operate as an assignment *pro tanto* of the funds of the drawer in bank. And the statute now provides that a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank. [Sec. 10159, Rev. Stat. 1909.] And both under the common law and under the statute the death of the drawer, with notice thereof to the bank, operates to revoke the authority of the latter to pay the check. Respecting this phase of the case many authorities are cited by appellant's learned counsel, but they are not decisive of the question here involved. This action proceeds against the estate of the decedent and is founded upon his liability upon the instrument as

drawer thereof. A check is a negotiable instrument—an inland bill of exchange    (Secs. 9972, 10155, Rev. Stat. 1909); and imports a consideration. (Sec. 9995, Rev. Stat. 1909). [See Nelson v. Diffenderffer, 178 Mo. App. l. c. 51, 163 S. W. 271]. The burden was upon the defendants below to show want of consideration, if they desired to defend on this ground; and as there is no showing as to this, there is nothing to overcome the presumption afforded by the instrument itself that it was executed for a valuable consideration.

By drawing the instrument, presumably founded upon a valuable consideration, the drawer impliedly warranted that it would be paid on due presentment. [Sec. 10031, Rev. Stat. 1909.] It is true that the drawer's death intervened prior to the presentment of the check to the bank, but this did not relieve the drawer of his liability as such. During his lifetime he might have revoked the authority of the bank to pay the check by stopping payment thereon; but if the instrument was one issued for a valuable consideration he would have been liable on it after due presentment and the drawer's refusal to pay it. His death operated to revoke the authority of the payee to draw the money called for by the check. And the bank could not rightfully pay the check after notice of the drawer's death. Had it done so it would have been liable in an action by the drawer's administrators, the defendants herein. Likewise the payee, had she collected from the bank the amount specified in the check, after the drawer's death, would have been liable in an action by the administrators to compel restitution of the proceeds. [See In re Stacey's Estate, 152 N. Y. Supp. 717; In re Mead, et al, 154 N. Y. Supp. 667; Cook, Admr., v. Lewis, 172 Ills. App. 518.] But the fact that the drawer's death operated to prevent payment on presentation of the check to the drawee within a reasonable time, rather than an act of the drawer during his lifetime, did not alter the liability of the drawer, or his estate, on his warranty that the check would be paid on being duly presented. The payee's rights arising by virtue of the

execution and delivery of the instrument, prima facie for value, and which are founded upon the drawer's implied engagement thereby evidenced, could not be divested by any subsequent act of the drawer or by anything which might befall him, though it be death itself. [See Lewis v. Bank, 13 Mo. App. 202.]

The argument for appellant appears to be that though the check sued upon is a negotiable instrument, importing a consideration for its execution, nevertheless the death of the drawer operated to revoke it altogether and to relieve the drawer or his administrator from any further liability whatsoever thereon. But it is quite clear that this is a misconception of the law applicable to the matter in hand.

The fact that the authority of the drawee to pay such an instrument is revoked by the drawer's death, and that the drawee is liable if it does pay it after notice of the death, and that in like manner the authority of the payee to withdraw the funds of the drawer from the bank in accordance with the terms of the instrument is revoked when the drawer's death intervenes, has naught to do with the liability of the drawer's estate to respond to the payee for the amount named in the instrument. Since the check does not operate as an assignment of any part of the funds of the drawer in bank, upon the drawer's death the title to such funds to his credit with the bank passes immediately to his personal representatives. To thereafter permit the payee to thus withdraw funds to the credit of the drawer in bank, after his death, would interfere with the orderly and proper distribution of his estate. Its effect would be to permit the payee to collect so much of the drawer's estate for his sole benefit; and in the case of an insolvent estate the payee would thus be allowed to obtain an unfair and unlawful advantage over other creditors. [See Cook, Admr., v. Lewis, supra.]

Manifestly there is a clear distinction to be drawn between the right of the payee of such an instrument as this to assert thereon a claim against the drawer's estate, and his right, after the drawer's death, to com-

pel or receive payment from the bank, or the right of the bank to make such payment.

What is said above disposes of the contention that plaintiff could not assert a claim on the check, as such, but was required to establish her claim by proof of the original consideration, if any, for the execution of the instrument. Plaintiff was entitled to proceed upon the instrument itself, which imports a consideration.

The decision of this court in Pennell v. Ennis, 126 Mo. App. 355, 103 S. W. 147, to which appellant refers, has here no application, for the reason that the court there had to deal with checks shown to have been given without consideration, a few hours prior to the drawer's death. And the question involved pertained to the validity of the attempted gift.

It follows that the judgment should be affirmed, and it is as ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.