Rose Mary **CALDWELL**, Executrix of the Estate of Charles D. Caldwell, Deceased, (Plaintiff) Appellant,

v.

The **FIRST NATIONAL BANK OF WELLSTON**, a banking corporation, Mercantile Trust Company, a banking corporation, Beatrice Ford, (Defendants) Respondents.

No. 28830.

St. Louis Court of Appeals. Missouri.

Nov. 15, 1955.

Forrest Boecker and Chaim H. Zimbalist, Clayton, for appellant.

Earl G. Smith, St. Louis, for respondent The First National Bank of Wellston.

Thompson, Mitchell, Thompson & Douglas, and William G. Guerri and David F. Ulmer, St. Louis, for respondent Mercantile Trust Company.

Ralph H. Schnebelen, St. Louis, for respondent Beatrice L. Ford.

MATTHES, Judge.

This is an appeal by plaintiff from an adverse judgment in an action to recover the proceeds of a check charged to the account of plaintiff's decedent, the maker of the check, subsequent to his death. For the sake of brevity, we shall herein refer to The First National Bank of Wellston as First National, Mercantile Trust Company as Mercantile, and Beatrice Ford as Ford.

Defendant Ford contends that the Circuit Court of St. Louis County, Missouri, where the action was instituted, was without jurisdiction to hear and determine the issues presented by the pleadings and the stipulated facts, and that the probate court in which the estate of the deceased, Charles D. Caldwell, is being administered possessed exclusive original jurisdiction of the cause of action.

■ It is fundamentnal that the question of jurisdiction over the subject matter cannot be waived in any manner, United Cemeteries Co. v. Strother, 342 Mo. 1155, 119 S.W.2d 762; it cannot be conferred by consent, State ex rel. Lambert v. Flynn, 348 Mo. 525, 154 S.W.2d 52; Simmons v. Friday, 359 Mo. 812, 224 S.W.2d 90, 98, and the question of jurisdiction over the subject matter may be raised at any stage of the case, in any court, by either court or counsel, Hoover v. Abell, Mo.App., 231 S.W.2d 217, loc. cit. 223; United Cemeteries Co. v. Strother, supra.

■ Specifically, it is urged that the purpose of the action instituted by plaintiff is to discover assets, and that such a proceeding, being governed by Sections 462.400 through 462.440 (all statutory references are to RSMo 1949, V.A.M.S.), is cognizable only and exclusively in the first instance in the probate court. Ample authority supports the proposition that an action to discover assets cannot be initiated in the circuit court, but the party seeking to bring property into the estate must do so in the probate court and in accordance with the special statutory proceeding.[1]

In her amended petition plaintiff sought to recover a money judgment against all three defendants. The Mercantile's motion to dismiss because of the failure of said petition to state a claim upon which relief could be granted was sustained and the cause dismissed as to that defendant. Thereafter the joined issues were submitted on an agreed set of facts establishing: In 1947, Charles D. Caldwell, address shown to be 6356 Easton Avenue, St. Louis, Missouri, opened an account with First National, and maintained it to the time of his death which occurred at 5:00 p. m., on Thursday, February 1, 1951. On January 20, 1951, he signed and delivered his check payable to the order of defendant Ford in the amount of $4,000. She deposited the check in the St. Louis County National Bank on February 2, 1951, on which date it was endorsed by the latter bank. The check passed through the Mercantile, which stamped an endorsement thereon on February 3, 1951, "Pay to the order of any

[1]. Lemp Brewing Co. v. Steckman, 180 Mo.App. 320, 168 S.W. 226; State Bank of Willow Springs v. Lillibridge, 316 Mo. 968, 293 S.W. 116, loc. cit. 117; Davis v. Johnson, 332 Mo. 417, 58 S.W.2d 746; Beck v. Hall, Mo.App., 211 S.W. 127; State ex rel. Lamm v. Lamm, Mo.App., 216 S.W. 332; State ex rel. Lipic v. Flynn, 358 Mo. 429, 215 S.W.2d 446; Clinton v. Clinton, 223 Mo. 371, 123 S.W. 1.

bank * * *. All prior endorsements guaranteed." A notice appeared in the "regular death notice section" of the Star-Times newspaper on Saturday, February 3, 1951, and of the St. Louis Post-Dispatch on Sunday, February 4, 1951, of the death of "Charles D. Caldwell, 5625 Goodfellow Boulevard". On Monday, February 5, 1951, the check was presented to defendant First National, who paid same and charged the account of Charles D. Caldwell with the sum of $4,000. The point is made by plaintiff that the check did not operate as an assignment of the funds of the drawer thereof, and that upon the death of the drawer the authority of plaintiff, the payee, and First National was revoked; that since the check was presented by Ford and paid by First National subsequent to the death of Caldwell, they are liable to his estate and must reimburse plaintiff.

■ If plaintiff's point is well taken as to defendant Ford, then the $4,000 she received constitutes an asset of the estate, and in line with the well-established rule plaintiff should have proceeded against Ford in the probate court in accordance with the provisions of the discovery statutes. Section 462.400 et seq., and cases appearing in the footnote. Neither the pleadings nor the facts present a situation which only a court of equity could entertain, as was true in Phillips v. Alford, Mo.App., 90 S.W.2d 1060, relied upon by plaintiff in support of the circuit court's jurisdiction. Also enunciating the rule that the probate court does not have jurisdiction when purely equitable principles are involved are State ex rel. Nute v. Bruce, 334 Mo. 1107, 70 S.W.2d 854, loc. cit. 857; State Bank of Willow Springs v. Lillibridge, supra; and Lemp Brewing Co. v. Steckman, supra. The instant action is one at law and we are compelled to hold, in line with the authorities herein cited, that the circuit court lacked jurisdiction to entertain the proceeding as to defendant Ford, except on appeal from the probate court, the tribunal which was vested with exclusive original jurisdiction.

■ The situation is different, however, as to defendants First National and Mercantile, and the circuit court was vested with jurisdiction of the subject matter as to both of those parties. This is so because there was no claim by plaintiff that either of said defendants had received and was holding funds which constituted assets of the estate. Indeed, as to First National, the contrary is true, i. e., plaintiff alleged, and the facts established, that said bank *paid out* and charged to the decedent's account the amount in litigation. And plaintiff seeks to recover from Mercantile, not on the theory that it is now or ever was in the possession of money rightfully belonging to the estate, but because of its endorsement on the check.

■ The discovery statutes, Section 462.400 through 462.440, were designed to afford a summary method to discover assets and expedite the administration of estates in the collection of assets. Limbaugh, Missouri Practice, Probate Courts, Volume 1, Section 641, page 805; Davis v. Johnson, supra. Consideration of the history of the remedy exhaustively reviewed by this court in the case of In re Weingart's Estate, Mo.App., 170 S.W.2d 972, loc. cit. 976, 978, and by Limbaugh in his Missouri Practice, Probate Courts, Volume 1, Section 642, page 806, leads to the conclusion that the remedy provided by the statutes was intended to permit a recovery of property or the proceeds thereof asserted to be concealed, embezzled, or otherwise wrongfully withheld. See, also, Lolordo v. Lacy, 337 Mo. 1097, 88 S.W.2d 353.

We therefore hold that the essential elements required to permit plaintiff to proceed under the discovery of assets statutes were lacking as to First National and Mercantile, and the plaintiff properly proceeded against them in the circuit court. And lack of jurisdiction on the part of the circuit court of the subject matter with respect to defendant Ford did not prevent that court from proceeding with that part of the demand within its jurisdiction. 21 C.J.S., Courts, § 117, p. 179; Evans v. York, Mo.App., 195 S.W.2d 902, loc. cit. 906; Kadlowski v. Schwan, 329 Mo. 446, 44 S.W.2d 639; State ex rel. North St.

Louis Trust Co. v. Wolfe, 343 Mo. 580, 122 S.W.2d 909.

■ There was no showing that the First National had actual notice of the death of its depositor Caldwell prior to the time the amount of the check was paid by it and charged to his account. And we are unable to find any authority for holding that publication of notice of his death in the death notice column as it appeared in newspapers was sufficient to constitute constructive knowledge. While notice or knowledge of a depositor's death before certification or acceptance of a check revokes the drawee bank's authority to pay such check, if it lacks notice or knowledge of the depositor's death it may make payment of his checks without incurring liability for doing so. Fisher v. Bagnell, 194 Mo.App. 581, 186 S.W. 1097; 7 Am.Jur., Banks, Section 606, pages 440 and 441; 9 C.J.S., Banks and Banking, § 353c, p. 704; Paddock v. Anglo-California Trust Co., 107 Cal.App. 430, 290 P. 550, 551; Chrzanowska v. Corn Exchange Bank, 173 App.Div. 285, 159 N.Y.S. 385. The reason for the rule finds logic in this statement of the Court of Appeals of New York in Glennan v. Rochester Trust & Safe Deposit Co., 209 N.Y. 12, 102 N.E. 537, loc. cit. 539, 52 L.R.A.,N.S., 302:

"In the ordinary conduct of a bank but a minute fraction of its payments is made directly to its depositors. The others are made on checks in favor of third parties, usually, at least in large cities, presented through other banks or the clearing house. The number of depositors is often very great, many of them living at other places than where the bank is located. Of the death of those prominent, either by their public position, their business activities or great wealth, the bank might be apprised; but of the great mass their deaths would pass unknown by the bank unless notice of the fact was given. It would be utterly impracticable for business to be done if, before the bank could safely pay checks, it must delay to find out whether the drawer is still living."

■ For the reasons stated the judgment of the circuit court as to First National was proper.

■ In her original brief plaintiff specified no allegations of error or points relied upon, as required by Supreme Court Rule 1.08, 42 V.A.M.S., with respect to the judgment of the trial court in dismissing her petition as to defendant Mercantile. However, in her reply brief she attempts to raise and present a point for the purpose of convicting the trial court of error in dismissing the action as to Mercantile. Under the rules of the Supreme Court it is too late to raise points for the first time in the reply brief. State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S.W.2d 592, appeal transferred State of Cal. ex rel. Houser v. St. Louis Union Trust Co., Mo. App., 260 S.W.2d 821, certiorari dismissed State of Cal. ex rel. Brown v. St. Louis Union Trust Co., 348 U.S. 932, 75 S.Ct. 354; Berghorn v. Reorganized School Dist. No. 8, Mo.Sup., 260 S.W.2d 573, loc. cit. 580, in which the court said:

"Appellants in their reply brief have set out certain specific assignments of error, but a reply brief is not the place to specify errors for review, such assignments do not comply with our rules and properly present nothing for our consideration. Smith v. Thompson, 346 Mo. 502, 142 S.W.2d 70, 76(12); Nemours v. City of Clayton, 351 Mo. 317, 172 S.W.2d 937, 939; Whitaker v. Pitcairn, 351 Mo. 848, 174 S.W.2d 163, 167."

Because of the failure of plaintiff to comply with the rule, the appeal must be dismissed as to Mercantile. Ambrose v. M. F.A.-Co-Operative Ass'n of St. Elizabeth, Mo.Sup., 266 S.W.2d 647.

The judgment of the circuit court is reversed and remanded with directions to dismiss plaintiff's petition as to defendant Ford, the judgment is affirmed as to de-

926

fendant First National, and the appeal is dismissed as to defendant Mercantile.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.