**Mary HAMMON, Plaintiff-Respondent,**

v.

**Harry E. GENTEMANN, by Mary Gentemann, Guardian ad Litem, Defendant-Appellant.**

**No. 32638.**

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1967.

Motion for Rehearing or for Transfer to Supreme Court Denied Dec. 26, 1967.

Application for Transfer Denied Feb. 12, 1968.

Lusser, Hughes & Lusser, Alfred J. Rathert, St. Louis, for defendant-appellant.

Marshall & Littmann, Richard A. Littmann, Murphy & Kortenhof, Joseph M. Kortenhof, St. Louis, for plaintiff-respondent.

WOLFE, Judge.

The plaintiff brought this suit for damages arising out of personal injuries. The

injuries were occasioned by the defendant's automobile colliding with an automobile the plaintiff was driving. The defendant filed a counterclaim. The trial resulted in a verdict and judgment for the plaintiff in the sum of $4,000 and the defendant prosecutes this appeal.

Plaintiff's case was submitted on both primary and humanitarian negligence. It is the contention of the defendant that the trial court erred in overruling its motion for a directed verdict at the close of all the evidence. He first asserts that no case of primary negligence was made because the plaintiff was guilty of contributory negligence as a matter of law. He next asserts that no case was made on the humanitarian theory in that there was no evidence upon which the jury could find that the defendant had timely notice of plaintiff's peril. He concludes with the assertion that since no case was made on either primary or humanitarian negligence the judgment of the trial court should be reversed and a judgment entered for the defendant.

The accident occurred on Gravois Avenue in the City of St. Louis on March 3, 1964. In the general area where it occurred Gravois Avenue runs in a north and south direction. It is sixty feet wide and has three traffic lanes on both sides of its center line. Allemania Avenue, which is twenty feet wide, runs east and west and terminates at the east line of Gravois. On the west side of Gravois is "McDonald's Hamburger" place. It has two entrances from Gravois and the south entrance is about directly opposite Allemania Avenue. It is where Allemania would continue westwardly if it did not end on the east side of Gravois. Gravois has a blacktop surface and its traffic lanes are marked.

The plaintiff, Mary Hammon, was returning home from an evening visit at her daughter's. She was driving her own automobile which was a 1963 Rambler in good condition. With her was a Mrs. Marquardt. They were friends and widows who lived together. They were going north on Gravois and intended to stop at McDonald's for hamburgers. Plaintiff was traveling in the lane nearest the center line when she was a block south of Allemania but a car ahead of her stopped to make a left turn and she went to the right of it. As she did this she put on her right turn signal and when she passed the car she again went to the lane nearest the center line of Gravois so that she could make a left turn into the south driveway of McDonald's. There were no northward bound cars ahead of her or to her right. She turned on her left turn signal as she approached the place of her intended left turn.

One can see several blocks to the north on Gravois Avenue from the point where plaintiff went into her left turn. She did not see the defendant's car. The only car that she saw southbound toward the intersection was in the lane nearest the center line and had its left turn light flashing for a turn into Allemania. She was traveling at a speed which she estimated to be variously from ten to fifteen miles per hour and from thirteen to fifteen miles per hour as she turned toward the south entrance to McDonald's lot. When the front end of her car had crossed to a point where it was into the curb lane and about to enter the McDonald driveway it was struck by the car of the defendant which was traveling south on Gravois. Plaintiff did not see defendant's car until it struck hers.

The southbound car signaling for a turn into Allemania that plaintiff saw as she approached the point of her left turn was driven by a Mr. McKeever. He testified that he noticed the left turn blinker on plaintiff's car when she was one hundred fifty to two hundred feet south of him. Except for his own car he saw no southbound traffic. He made his left turn at about the same time plaintiff was making her left turn. To his right he saw the defendant's car for the first time just as it struck plaintiff's car.

The defendant was a seventeen year old youth who was driving his mother's Chevrolet. He had been to a basketball game with a girl from his neighborhood. She was a passenger in his car and they were going to meet some friends at "Chuck-A-Burger." Apparently this was another hamburger stand located on Gravois about a mile south of McDonald's. His car entered Gravois Avenue at Loughborough some distance north of Allemania. He traveled in the center lane of Gravois until the car ahead of him signaled for a left turn into Allemania. The defendant turned then into the center southbound lane. This was when he was about one-half block from the intersection. He was traveling at a speed of thirty miles per hour and his speed remained unchanged. He was looking to his right at the McDonald place and did not see plaintiff's car turn across Gravois ahead of him until he collided with her.

No point is raised in relation to the damages awarded plaintiff so we will not set out the injuries she sustained. Neither is any point raised as to the judgment against the defendant on his counterclaim. This leaves nothing for review in relation to it. Heuer v. Ulmer, Mo., 273 S.W.2d 169; Caldwell v. First National Bank of Wellston, Mo.App., 283 S.W.2d 921.

As stated the only contention made by the appellant is that the court erred in overruling his motion for a directed verdict at the close of all the evidence and erred in denying the after-verdict motion for judgment for the defendant. As to the contention that the plaintiff was guilty of contributory negligence as a matter of law we are cited to Frandeka v. St. Louis Public Service Co., 361 Mo. 245, 234 S.W. 2d 540; James v. Berry, Mo.App., 301 S.W.2d 530; Bracken v. Koch, Mo.App., 404 S.W.2d 201. These cases all re-state the well established rule that a failure on the part of a plaintiff, where a duty to look exists, to see what is plainly visible when he looks, constitutes contributory negligence as a matter of law. The plaintiff in this case testified that she did look but did not see the car but the evidence permits a valid inference that the car driven by the defendant was not plainly visible as it was behind the southbound car which later made a left turn into Allemania. As stated in Slaughter v. Myers, Mo., 335 S.W.2d 50, l.c. 54: "* * * What constitutes negligence in failing to keep a lookout in any direction at any particular time or place depends on the conditions and circumstances and usually is a jury question. * * *" See also Sander v. Callahan, Mo., 351 S.W.2d 691; O'Bryant v. Black and White Cab Co., Mo.App., 350 S.W.2d 833. We rule that the plaintiff was not contributorily negligent as a matter of law. This is the only point raised in relation to the submission on primary negligence and consequently all that we review. It follows that a submissible case was made.

Since the only point before us is the question of whether or not the court erred in overruling the motion for a directed verdict and the motion for judgment after verdict we need not consider other points raised for consideration on humanitarian negligence. It is obvious that if the plaintiff made a case on any theory pleaded the court could not direct a verdict for the defendant as stated in Nelson v. Wabash Railroad Company, Mo., 300 S.W.2d 407, l.c. 409: "* * * if plaintiff made a case under any theory submitted, then defendant's motion for a directed verdict and its motion after verdict for judgment were both properly denied. * * *" See also DeLay v. Ward, 364 Mo. 431, 262 S.W.2d 628; Henrickson v. Resnik, Mo.App., 390 S.W.2d 610.

For the reasons stated the judgment is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.